## J. BROWN et al., RESPONDENTS, v. J. E. JONES, APPELLANT.

PROVINCE OF JUDGE AND JURY—REDUCTION OF VERDICT BY JUDGE. In an action on an injunction bond the Judge instructed the jury to consider certain items of alleged damage, which should not have been considered; and in deciding a motion for a new trial, endeavored to correct the error by reducing the verdict and confining it to the amounts claimed upon the counts by him considered good: *Held*, that this was assuming the province of the jury, and could not be done.

DAMAGES ON INJUNCTION BONDS. The actual expense and loss occasioned by a writ of injunction are a proper subject of consideration in a suit on the injunction bond, including the costs of the original proceeding, the reasonable counsel fee paid, agreed to be paid or liquidated, for setting aside the injunction, and such other damage as is the natural and proximate consequence of the issuance and enforcement of the writ, and no more; nothing, generally, can be included which is not the actual, natural, and proximate result of the injunction.

APPEAL from the District Court of the Third Judicial District, Washoe County.

The complaint sets forth that on July 24th, 1868, the plaintiffs, J. Brown and J. Hamilton, were the owners and in the possession of three hundred and fifty cords of wood, worth one thousand two hundred dollars, on a wood ranch in Washoe County; that on that day one J. S. Peck commenced an action against them, and pro-

cured an injunction to be issued out of the Third District Court, restraining them from removing the wood, to which writ they yielded due obedience : that in said action an injunction bond was given in the sum of one thousand dollars, with the defendants, J. E. Jones and L. Rawlings as sureties; that afterwards the injunction was so modified by judicial action as to allow the removal by the plaintiffs in this action of all the wood cut prior to July 10th, 1868; that the plaintiffs by reason of the injunction were damaged to the extent of one hundred dollars for counsel fees paid to procure the dissolution of it; two hundred and fifty dollars for the prevention, by reason of the injunction, of their being able to fulfill a contract to deliver wood in Washoe City; two hundred and fifty dollars by reason of their cattle and wagons being thrown out of employment; three hundred and fifty dollars for deterioration in the market price and value of the wood during the time of the injunction, and one hundred dollars damages by reason of necessary repairs to a road completed by plaintiffs at the time of the issuance of the writ and destroyed before the modification of it, besides injury to their credit occasioned by the injunction. The jury returned a general verdict in favor of plaintiffs for nine hundred and twenty-seven dollars.

The defendant J. E. Jones made a motion for a new trial; upon which the Court below rendered a written opinion and decision, concluding as follows :

" It follows, from the foregoing considerations, that the plaintiffs are entitled only to the damages alleged to have been sustained by reason of moneys paid for counsel fees and the loss by waste and depreciation in market value of the wood. There is no criterion by which the verdict can be subdivided so that the intention of the jury can be certainly made out in the absence of special findings. I think, however, that the presumption may be properly entertained that the plaintiffs are entitled to such amount as they proved, not exceeding the amount named and claimed in the complaint, to wit, one hundred dollars counsel fees, one hundred and seventy-five dollars damage by waste, and one hundred and seventy-five dollars loss in market value, together amounting to four hundred and fifty dollars, coin. The order of the Court must be that the verdict of the

jury must be set aside and a new trial herein be granted, unless the plaintiffs shall within five days from and after the filing this opinion and order consent to enter written formal satisfaction of the existing judgment to the extent of four hundred and seventy-seven dollars, leaving a judgment of four hundred and fifty dollars and costs still unpaid and unsatisfied, or shall consent to have the present judgment vacated and take judgment for four hundred and fifty dollars and the costs accrued up to the date of filing this order. And it is further ordered, that in case of acceptation of either the above terms by the plaintiffs, the costs of such entry of satisfaction, or vacating, and entry of new judgment, shall be at the cost of the plaintiffs.   And in case of such entry of satisfaction or taking new judgment in lieu of the present one, the clerk shall, upon request of plaintiffs, issue execution upon such judgment for not to exceed four hundred and fifty dollars and costs accruing to this date herein, all in gold coin."

Defendant Jones appealed from the judgment and the order.

*W. L. Knox,* for Appellant.

*W. M. Boardman, W. C. Kennedy,* and *T. D. Edwards,* for Respondent.

By the Court, WHITMAN, J.:

This action is upon an injunction bond for one thousand dollars. It appears that the original injunction was modified in a very important particular, which, to that extent, was a decision that the writ was so far improperly granted, so respondents were entitled to their action, but their complaint presents several counts for damage which could not properly be considered under the terms of the bond, which is the ordinary statutory undertaking.

The District Judge was not sufficiently particular in instructing the jury, and allowed them to consider some items of alleged damage which should have been withheld.   In deciding the motion made by appellants for a new trial he endeavors to correct the error by reducing the verdict of the jury, and confining it to the amounts claimed upon the counts by him considered good.   This cannot be

done ; it is assuming the province of the jury. It might be the jury gave the whole verdict upon one erroneous count ; for here no presumption can arise that the verdict was based upon the good counts, to the exclusion of the bad, as the amount found exceeds the aggregate claimed upon the counts held good by the Judge below by more than one-half.

The complaint is not, as claimed by appellants, entirely devoid of a cause of action ; but it is so uncertain, that it should be amended to show with distinctness that the alleged damage resulted from that portion of the injunction dissolved, when, upon proper proof, respondents would be entitled to recover the actual expense and loss occasioned by the writ of injunction in this particular in which it was vacated. This would include the costs of the original proceeding, the reasonable counsel fee paid, agreed to be paid, or liquidated, for setting aside the injunction, and such other damage as the natural and proximate consequence of the issuance and enforcement of the writ, and no more.

It is difficult to define specifically, in the way of a rule, what would not be included as matter of damage. Of course, generally, nothing which is not the actual, natural, and proximate result of the wrong ; and with respect to the pleadings at bar, it may be said that no recovery could be had by reason of the cattle and wagon being thrown out of employment, nor for the expense of making a road, nor for injury to the credit of respondents.

The judgment is reversed and the cause remanded.