297 P.2d 1079 (1956)
James D. RINGELBERG; and William K. Stine, dba A-1 Plumbing Supply Company, Appellants,
v.
UNITED ASSOCIATION OF JOURNEYMEN and APPRENTICES OF the PLUMBING and PIPEFITTING INDUSTRY OF the UNITED STATES and CANADA, LOCAL UNION 525, LAS VEGAS, NEVADA; Frank E. Long, individually; Frank E. Long, as Business Agent of Local Union 525; John Carter, as Assistant Business Agent of Local Union 525; John Carter, individually; B. C. Cannon, as President of Local Union 525; and B. C. Cannon, individually, Respondents.
No. 3945.
Supreme Court of Nevada.
June 8, 1956.
Morton Galane, Las Vegas, for Appellants.
Rudiak, Horsey & Lionel, Las Vegas, and Betty Altman Aronow, Las Angeles, Cal., for Respondents.
PER CURIAM.
This appeal is from an order of the trial court denying an injunction pendente lite. Before this court appellants have moved for an injunction pending appeal. A temporary restraining order was granted, ex parte, until hearing upon the motion could be had.
The suit below is for a permanent injunction to restrain respondent union from calling a strike against appellant Stine doing business in North Las Vegas as the "A-1 Plumbing Supply Company." The principal reason for the calling of the strike related to Stine's employment of appellant Ringelberg. The union contends that such employment is contrary to a collective bargaining agreement between Stine and the union. Appellants contend that so far as that agreement affects Ringelberg's employment it is contrary to Nevada's statute prohibiting denial of employment because of nonmembership in a labor organization, (1953 Stats. Nev., Ch. 1, p. 1); that the agreement therefore is void.
The merits of this controversy are still far removed from our consideration at this time. Upon the merits of this appeal we shall be concerned with the manner in *1080 which the trial judge exercised his discretion in denying the injunction pendente lite. Upon this motion we are concerned only with the manner in which we shall exercise our own discretion with reference to an injunction pending appeal.
Appellants first contend that it is not necessary for them to show irreparable injury as a basis for a temporary injunction. Section 7 of the 1953 statute reads as follows: "* * * Any person injured or threatened with injury by an act declared illegal by this act shall, notwithstanding any other provision of the law to the contrary, be entitled to injunctive relief therefrom."
Since the legislature has provided for injunctive relief against a violation of the statute it is not necessary independently to show irreparable injury in order to entitle a person injured to the injunctive relief so provided. Nevada Real Estate Commission v. Ressell, 72 Nev. ___, 294 P.2d 1115. The application of this principle to the granting of a temporary injunction is dealt with in Douds v. Local 294, 75 F.Supp. 414, 418, where the court stated, "`As the issuance of an injunction in cases of this nature has statutory sanction, it is of no moment that the plaintiff has failed to show threatened irreparable injury or the like, for it would be enough if the statutory conditions for injunctive relief were made to appear.' * * * There is nothing in the statute which would prompt the Court to depart from the recognized rule of equity that interlocutory relief may be granted upon a showing of reasonable probability that the moving party is entitled to final relief. A showing of a prima facie case for equitable relief satisfies the statute."
Applying the principles of the Douds case to our present motion it might be said that it would not be necessary to show irreparable injury in order to justify the granting of an injunction pending the appeal if the appellant has made a prima facie showing of abuse of discretion on the part of the trial judge, (the final issue upon this appeal). We are unable to state, however, that such a showing has been made. The trial judge in handing down his order denying temporary injunction made written findings of fact and conclusions of law from which it appears that he had tentatively examined the issues with which he would be compelled to deal upon the merits, had tentatively concluded that the collective bargaining agreement did not violate the 1953 statute and therefore that the probabilities were against the granting of final relief.
These preliminary or tentative determinations made by the trial court as a basis for its exercise of judicial discretion cannot be examined and tested by this court without our prejudging the merits of the controversy now pending before the trial court, which we must decline to do. We are, then, unable to say that a prima facie case of abuse of discretion has been made out.
If appellants are to be granted an injunction pending this appeal it must, then, be upon the ground that they will suffer irreparable injury should the injunction not be granted. This they do contend.
Appellant Stine states that he must either violate the 1953 statute himself by discharging Ringelberg or go out of business. Ringelberg contends that if discharged his status as a practicing plumber would in reality be destroyed without regard to the outcome of the suit below upon the merits.
We are not convinced upon either point. The union is not insisting that Ringelberg be discharged. He is employed as a sales clerk and stock clerk, functions beyond the concern of the respondent union. The union insists that, pursuant to its agreement with Stine, Ringelberg discontinue cutting pipe, upon which, incidental to his employment as clerk, he spends about 25 percent of his time. If these duties were performed by a plumber employee, union opposition would cease. The question, then, is whether Stine or Ringelberg would suffer irreparable injury by temporarily submitting to the union's demands as to Ringelberg's pipecutting. It *1081 would seem obvious that any injury suffered would be ascertainable in dollars and cents and fully compensable in money damages should appellants ultimately prevail.
Under these circumstances IT IS ORDERED that the motion for temporary injunction is denied. The temporary restraining order heretofore granted is ordered terminated.