JAMES D. RINGELBERG; AND WILLIAM K. STINE, DOING BUSINESS AS A–1 PLUMBING SUPPLY COMPANY, APPELLANTS, *v.* UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL UNION 525, LAS VEGAS, NEVADA, ET AL., RESPONDENTS.

No. 3945

July 22, 1957                                   314 P.2d 380

(See also 72 Nev. 156, 297 P.2d 1079.)

*Morton Galane,* of Las Vegas, for Appellants.

*George Rudiak, and Betty Aronow,* Associate, of Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

This is on motion of the respondents for an order of this court assessing damages under an injunction bond.

Upon this appeal a temporary restraining order was granted ex parte to the appellants upon their furnishing a bond in the sum of $2,000. Following hearing of their motion for an injunction pending appeal the motion was denied and the restraining order terminated. Ringelberg v. United Association of Journeymen, 72 Nev. 156, 297 P.2d 1079. This motion was then filed. Appellants resist the motion, contending that movants' proper course is an independent action upon the bond.

The motion is based upon Rule 65 NRCP dealing with injunctions and in particular upon 65 (c) which provides in part "A surety upon a bond or undertaking under this rule submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond or undertaking may be served. His liability may be enforced on motion without the necessity of an independent action. * * * ."

This rule, however, governs proceedings in the district courts and has no application to proceedings in this court. See Rule 1 NRCP. Once an appeal has been taken and perfected pursuant to the appeal provisions of NRCP the proceedings before this court, unless expressly provided by NRCP, are governed by our supplemental rules of court.

Movants contend that even in absence of a rule to such effect a court issuing an injunction under bond has jurisdiction to retain the case and to assess damages accruing as a result of its improvident issuance. Much authority has been cited to this effect.

This rule may indeed be a sound one as applied to injunctions issued out of trial courts. However, it would not seem with equal reason to apply to appellate courts.

This court is not a trial forum. For us to apply the rule to injunctions issued in connection with appeals would be for us to take to ourselves not only original jurisdiction over what otherwise would be an independent action, but also all trial functions in the determination of liability under the bond. We conclude that the rule does not apply to this court.

Motion denied.