GLENS FALLS INSURANCE COMPANY, APPELLANT, v. FIRST NATIONAL BANK OF NEVADA, RESPONDENT.

No. 5204

May 1, 1967                                    427 P.2d 1

*Wait & Shamberger,* of Reno, for Appellant.

*Belford & Anglim,* of Reno, for Respondent.

---

**OPINION**

By the Court, COLLINS, J.:

This appeal is from a judgment against appellant in the amount of $11,944.96 on a surety bond. First National Bank of Nevada was temporarily restrained by MJB Investment Company from selling certain real property of which it was beneficiary under a deed of trust. Appellant posted a bond required by the restraining order in the amount of $1,000, which later was increased to $15,000.

The order, based upon the allegations of MJB's complaint, issued January 12, 1966 without notice under NRCP 65, and restrained the sale until a hearing for a preliminary injunction

could be held on January 26, 1966. On January 27, 1966 an order was entered denying issuance of the preliminary injunction and dissolving the temporary restraining order (although it was also dissolved by its own terms under the rule). Respondent's only effort directed solely to the temporary restraining order was to move for an order increasing the bond from $1,000 to $15,000, which was granted the same day it was issued. Between January 12 and 26, 1966 respondent's counsel engaged in considerable legal activity, including interviewing of witnesses, examination of law and documents, preparation of order increasing security, preparation of requests for admissions, subpoenas, and orders dissolving the temporary restraining order and denying preliminary injunction. During this period respondent made no motion to modify or dissolve the temporary restraining order as permitted under Rule 65(b).[1] Instead counsels' efforts were mainly directed toward defeat of the issuance of a preliminary injunction. The efforts were successful, which in effect decided the cause, and on February 25, 1966 the case was dismissed with prejudice on the merits. No appeal has been taken from that order.

On March 1, 1966 respondent moved in the same action, for judgment against appellant, as security, under NRCP 65(c). The amounts sought were interest, $6,888.96 (computed at the rate in the promissory note secured by the deed of trust from January 12 to 28, 1966, the period of restraint); attorneys' fees, $5,000; and court costs, $56, a total of $11,-944.96. The trial court granted leave for discovery incident to the motion and, upon notice to all parties, it was heard June 30, 1966. Judgment as described above was entered July 14, 1966 for respondent. At the hearing the only evidence presented was an affidavit of Morgan Anglim, one of counsel for respondent, supporting the request for attorneys' fees and costs.

Appellant's appeal asserts error of the trial court contending that the evidence is not sufficient to sustain the judgment, that the judgment is contrary to law and asks judgment in its favor as a matter of law. We find error only in the trial court's use of interest at the contract rate as the measure of damages and reverse as to that point. We sustain the other rulings.

---

[1]"* * * On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."

Refusal of the trial court to grant the preliminary injunction constituted a determination that the temporary restraint should be dissolved, thus entitling respondent to seek damages against appellant as security under the bond posted by it. Future Fashions, Inc. v. American Security Co. of New York, 58 F.Supp. 36 (S.D.N.Y. 1944). While respondent had the right under Rule 65(b) to move upon two days' notice or less to dissolve or modify the restraining order, we are not prepared to say on this record it must do so or lose its right to move for reasonable damages proximately caused by the restraining order. It is unnecessary to compartmentalize the steps and events surrounding the issuance of a temporary restraining order and effort to obtain a preliminary injunction as suggested by counsel for appellant. The legal steps taken by counsel for respondent after being served with the restraining order can no doubt be said to aid its prospective defense of the cause of action as well as an effort to preclude issuance of the preliminary injunction, but the main thrust of the effort was to defeat the restraining order. The record reveals that no unconscionable or unreasonable delay occurred between the ex parte issuance of the restraining order and the determination that it should be dissolved when the preliminary injunction was denied. The issues presented in the complaint and restraining order were complex and preparation necessary to defend one, unavoidably related to defense of the others. Circumstances different from those present in this case may warrant a different rule, but we will consider that problem when presented to us. This ruling also disposes of the contended error of the trial court in awarding respondent attorneys' fees and costs. The amount of the attorneys' fee was discretionary with the trial court. We find no abuse of discretion.

Error is urged by the appellant that evidence was lacking of the occurrence of a condition precedent to its liability on the bond and the damages, because respondent did not proceed first against the principal MJB for payment. Such contention has been fully resolved against the appellant's position by this court in Short v. Sinai, 50 Nev. 346, 259 P. 417 (1927). The court said at page 350, quoting from McMillan v. Bull's Head Bank, 32 Ind. 11, 2 Am.Rep. 323:

" 'The surety is bound with his principal as an original promisor; he is a debtor from the beginning, and must see that

the debt is paid, and is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the creditor, nor by want of notice of the default of the principal, however such indulgence or want of notice may, in fact, injure him. Being bound with the principal, his obligation to pay is equally absolute. On the other hand, the contract of a guarantor is his own separate contract; it is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, not merely an engagement jointly with the principal, to do the thing. A guarantor, not being a joint contractor with his principal, is not bound to do what the principal has contracted to do, like a surety, but only to answer for the consequences of the default of the principal. The original contract of the principal is not his contract, and he is not bound to take notice of its nonperformance, and therefore the creditor should give him notice; and it is universally held that, if the guarantor can prove that he has suffered damage by the failure to give such notice, he will be discharged to the extent of the damage thus sustained. It is not so with a surety.' " Moreover the proceeding was properly brought by respondent as a motion under Rule 65(c). 3 Bender's Fed. Practice, pp. 651–2, and see Ringelberg v. United Journeymen, 73 Nev. 185, 314 P.2d 380 (1957).

Finally, the matter must be remanded to the district court for proper determination of damages, if any, proximately caused by the temporary restraining order wrongfully secured by MJB Investment Company. The record fails to show the reasoning or theory of the trial court in adopting the interest rate prescribed in the promissory note given by MJB Investment Company to First National Bank of Nevada as the measure of damage. Appellant, as surety under the restraining order bond, was no party to that contract, nor did its assurance run to the performance of the contract. Furthermore, when the property is ultimately sold under the trust deed or the default cured, the beneficiary would receive in either event its interest at the contract rate. Thus if the measure of damages was interest, either at the contract or legal rate, beneficiary would enjoy double recovery. Appellant's undertaking against loss, in the event the restraint was improper, was only to "damages and costs" sustained or incurred by reason of the restraining order.

We hold, therefore, that if the property was sold pursuant to the notice of default the proper measure of damages would

be the reduction or diminution in the value of the security during the period of restraint. Fidelity & Deposit Co. v. Walker, 48 So. 600 (Ala. 1909). This requires a factual determination by the trial court upon proper proof. McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966). If the property was not sold, we fail to see where respondent suffered any damages because its accruing interest at the contract rate, and the cost of preserving and maintaining the property and expenses of the default proceedings may still be recovered either upon the default being cured by payment or ultimately upon the trustee's sale.

Affirmed on all issues except the question of damages, concerning which the order of the trial court is reversed and the matter remanded.

THOMPSON, C. J., and ZENOFF, J., concur.