AMERICAN BONDING COMPANY, Appellant, *v.* ROGGEN ENTERPRISES, a Nevada Limited Partnership; ROBERT ROGGEN, Individually and as General Partner of Roggen Enterprises, Ltd.; IMPORT AUDIO, INC., a Nevada Corporation; MICHAEL E. MINDEN & CO., a Nevada Corporation, Respondents.

No. 23524

June 22, 1993

854 P.2d 868

*Bell & Young* and *David K. Rosequist,* Las Vegas, for Appellant.

*Gibbons & Oshman,* Las Vegas; *Lionel Sawyer & Collins* and *Todd Touton,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*[1]

This is an appeal from an order and judgment declaring forfeiture of injunction bonds. We conclude that the district court erred as a matter of law in granting forfeiture of the injunction bonds, and we reverse the judgment of the district court and remand with instructions.

Respondent Roggen Enterprises is the landlord of the Regency Plaza Shopping Center located in Las Vegas, Nevada. In June 1990, both respondent Michael Minden & Co. and respondent Import Audio, Inc. were lease tenants in the Regency Plaza Shopping Center. During a heavy rainfall on June 9 and 10, 1990, some ground water entered the business premises of both Minden and Import Audio and damaged the property therein. At that point, Minden and Import Audio discontinued paying both their rent and their related expenses on the leased property.

There are three suits that underlie the current case on appeal: (1) Minden filed suit against Roggen for negligent failure to maintain the premises pursuant to the lease agreement; (2) Import Audio filed suit against Roggen for negligent failure to maintain the premises pursuant to the lease agreement; and (3) Roggen filed suit against Minden and Import Audio for delinquent rent and unlawful detainer. In October 1990, Minden and Import Audio filed a motion for preliminary injunction, and the district court granted the motion. The district court conditioned the injunction upon the posting of "security" bonds. Appellant American Bonding issued Bond No. 111619 on behalf of Minden in the amount of $20,030.85 and Bond No. 111620 on behalf of Import Audio in the amount of $24,078.93.

In March 1991, Minden, Import Audio and Roggen entered into a stipulation and order to consolidate all three actions under the Minden case. On July 8, 1991, the district court entered an interlocutory summary judgment against Minden and Import Audio in the consolidated case for delinquent rents owed Roggen.

On March 25, 1992, the district court entered a final judgment in the rent action in favor of Roggen: Minden was ordered to pay Roggen $28,010.42 (rent, interest and attorney's fees) plus any future interest accrued, and Import Audio was ordered to pay Roggen $32,993.30 (rent, interest and attorney's fees) plus any future interest accrued. Further, on April 3, 1992, the district court entered a final judgment in favor of Minden and Import Audio on the negligence action. The district court ordered the

---

[1]THE HONORABLE CLIFF YOUNG, Justice, voluntarily recused himself from participation in the decision of this appeal.

following: (1) Roggen to pay Minden $28,235.83 for damages and costs; (2) Roggen to pay Import Audio $26,591.96 for damages and costs; and (3) Roggen to pay Minden and Import Audio jointly $77,025.00 for attorney's fees.

On April 14, 1992, Roggen filed a stipulated motion to declare forfeiture because both Minden and Import Audio failed to pay their outstanding judgments. On May 1, 1992, American Bonding filed a motion to intervene and to set-off judgments. After a hearing, the district court ordered forfeiture of the bonds, and the district court certified that judgment as final. Immediately thereafter, Roggen fully satisfied Minden and Import Audio's judgments against it, and both parties filed a satisfaction of judgment.

American Bonding contends that the district court erred when it ordered forfeiture of the preliminary injunction security bonds. American Bonding argues that the purpose of an injunction bond is to protect a party from damages incurred by one who is wrongfully enjoined. NRCP 65(c).

Roggen contends that the purpose of the security bond was to secure rent payments due and owing at the time of injunction. In addition, Roggen argues that since Roggen obtained judgment on the rent action and was precluded from evicting Minden and Import Audio at the time of the suit, then the injunction wrongfully enjoined him.

At the time the preliminary injunction was issued, it appears that the intent of the district court and the parties was to secure the payment of past due rent. The fact that the bonds were set in the amount of the past due rent is evidence of that intent. However, the bonds that were purchased do not express that intent in any respect. On the contrary, the bonds were issued specifically "to give an undertaking for PRELIMINARY INJUNCTION as provided by *65 NRCP.*" (Emphasis added.) NRCP 65(c) describes an undertaking in pertinent part as follows:

> (c) **Security.** No restraining order or preliminary injunction shall issue except upon the *giving of security* by the applicant, in such sum as the court deems proper, *for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.*

(Emphasis added.) Further, the Restatement of Securities, section 194, defines an injunction bond as a special type of judicial bond that is "required as a condition of the issuance or continuance of

an injunction." Injunctive bonds create a unique relationship, and, in turn, the suretyship relationship takes on special character. While a general surety may be primarily responsible for the principal's debt,[2] in situations involving injunction bonds, this is not the case.

The expressed purpose of posting a security bond is to protect a party from damages incurred as a result of a wrongful injunction, not from damages existing before the injunction was issued. NRCP 65; *see* Glens Falls Ins. v. First Nat'l Bank, 83 Nev. 196, 427 P.2d 1 (1967). Early on in this court's history, it defined what damages were recoverable on an injunction bond. Brown v. Jones, 5 Nev. 374 (1870) (damages for wrongful issuance of an injunction are "generally, nothing which is not actual, natural and proximate result of the wrong"). In *Brown,* this court stated:

> [U]pon proper proof, respondents [are] entitled to recover the actual expense and loss occasioned by the writ of injunction . . . [which] would include the costs of the original proceeding, the reasonable counsel fee paid . . . for setting aside the injunction, and such other damage as the *natural and proximate consequence of the issuance and enforcement of the writ, and no more.*

*Id.* at 377 (emphasis added); *see Glens Falls Ins.,* 83 Nev. 196, 427 P.2d 1. Moreover, the Restatement of Securities, section 195, *specifically* defines a surety's liability for injunctive bonds and states: "Where principal and surety give an injunction bond, and the injunction is dissolved, the surety's liability with the penal sum of the bond is *limited to consequences of the injunction itself, even if the principal is liable for additional penalties or damages."* (Emphasis added.)

In conclusion, Roggen is not entitled to forfeiture of the bonds as a matter of law. The undertaking of American Bonding Company was to protect Roggen from any harm incurred as a result of being wrongfully enjoined. Regardless of the intent of the original parties or the district court, American Bonding can only be held to answer for its express undertaking. There is no evidence that any damages were incurred for which American Bonding is liable pursuant to its undertaking.

---

[2]Restatement of Securities, section 82 (1941), "Suretyship defined," states the following:

> Suretyship is the relation which exists where one person has undertaken an obligation and another person is also under an obligation or other duty to the obligee, who is entitled to but one performance, and as between the two who are bound, one rather than the other should perform.

For the reasons specified above, we reverse the order granting forfeiture of the security bonds and remand to the district court with instructions to enter an order permanently releasing and exonerating American Bonding from any liability by reason of its issuance of the undertakings for preliminary injunction pursuant to NRCP 65 and designated as Bond Nos. 111619 and 111620.