# IN THE SUPREME COURT OF THE STATE OF NEVADA

LIU JUI-KWA CHEN, TRUSTEE OF THE CHAO-TE AND LIU JUI-KWA CHEN TRUST, DATED MAY 22, 1997,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE,
Respondents,
    and
WEN-TZU CHANG,
Real Party in Interest.

No. 70113

**FILED**

FEB 2 7 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART

This is an original petition for a writ of mandamus or prohibition challenging an order directing payment of the amount of a supersedeas bond in a real property action.

As the result of a prior probate proceeding, real party in interest Wen-Tzu Chang was awarded an undivided one-half interest in two parcels of real property owned by the Chao-Te and Liu Jui-Kwa Chen Trust. One of the parcels was a commercial property on which petitioner Liu Jui-Kwa Chen and her family were running a motel/deli business. Liu Jui-Kwa appealed to this court and sought a stay of execution of the probate judgment in district court. The district court granted the stay and required Liu Jui-Kwa to "obtain a bond in the amount of $65,994.00,

which represents half of the annual rental value of the [commercial property]." Alternatively, if Liu Jui-Kwa could not obtain the bond, the district court gave her 30 days to deposit $5,499.50, as security in the form of a cash deposit, into her counsel's trust account for one month's rental value and was ordered to inform the court at the upcoming status check how she intended to deposit the remaining portion of the $65,994 in the immediate future. Ultimately, Liu Jui-Kwa was unable to obtain the security, but she deposited the initial $5,499.50 into her counsel's trust account as ordered and an additional $5,499.50 after the parties stipulated to continue the status check scheduled for the following month. Liu Jui-Kwa made no additional deposits.

Meanwhile, Liu Jui-Kwa's appeal was unsuccessful, so the district court lifted the stay and ordered payment of the security in the amount of $65,994 to Wen-Tzu for the loss of enjoyment of her property interest for the year the stay was imposed and, thus, the time Wen-Tzu was prevented from executing on the judgment. Liu Jui-Kwa filed the instant petition for a writ of mandamus or prohibition, arguing the district court erred in ordering the payment of the security as damages when Liu Jui-Kwa was ultimately unable to obtain the bond and the original probate judgment included no monetary damages.

*We exercise our discretion to review the merits of the petition*

"This court has original jurisdiction to issue writs of mandamus and prohibition." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012). A writ of mandamus "is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197,

179 P.3d 556, 558 (2008). A writ of prohibition may issue "when a district court acts without or in excess of its jurisdiction." *Sandpointe Apartments, LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 87, 313 P.3d 849, 852 (2013). Because writ relief is an extraordinary remedy, this court generally will not intervene where there is a "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170, 34.330; *see Helfstein v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 91, 362 P.3d 91, 94 (2015). However, whether to consider a writ petition is within this court's discretion, and the petitioner bears the burden of demonstrating why extraordinary relief is warranted. *See We the People Nev. ex rel. Angle v. Miller*, 124 Nev. 874, 880, 192 P.3d 1166, 1170 (2008).

Because no statute or court rule expressly authorizes an appeal from a district court's order to pay the full amount of a supersedeas bond as damages when an appellant was ultimately unable to obtain the bond and the original probate judgment included no monetary damages, we exercise our discretion to entertain this petition.

*The district court did not abuse its discretion in ordering as payment the security for the stay after an unsuccessful appeal*

Liu Jui-Kwa argues the district court abused its discretion by ordering payment as damages the amount of the supersedeas bond, which Liu Jui-Kwa was unable to obtain in full and never posted, when the original judgment of the district court did not include any monetary damages. However, because the issuance of a bond or other form of security is not required by rule or statute, it lies within the discretion of the trial court, and we thus review the district court's decision for an abuse of discretion. *See* NRAP 8(a)(2)(E); *see also Bowler v. Leonard*, 70 Nev. 370, 386, 269 P.2d 833, 840-41 (1954). Accordingly, we will review

the review the propriety of the district court's order requiring Liu Jui-Kwa to pay the amount of the security bond it determined was appropriate for the stay pending appeal as damages to Wen Tzu, after an unsuccessful appeal, for an abuse of discretion. We hold that it was within the district court's discretion to order payment of the security to Wen-Tzu, but that the amount should have been limited to the $10,999 deposited into Liu Jui-Kwa's counsel's trust account.

District courts have the authority to stay judgment pending appeal. *See* NRCP 62(d); NRAP 8(a)(1)(A). "The purpose of security for a stay pending appeal is to protect the judgment creditor's ability to collect the judgment if it is affirmed by preserving the status quo and preventing prejudice to the creditor arising from the stay." *Nelson v. Heer*, 121 Nev. 832, 835, 122 P.3d 1252, 1254 (2005); *see also Gottwals v. Rencher*, 60 Nev. 35, 46, 92 P.2d 1000, 1004 (1939) (indicating that on principles of equity and justice a "bond is necessary to protect an appellee against damages he may sustain by reason of an unsuccessful appeal"). Accordingly, posting security protects a party from damages incurred as a result of a wrongful injunction, but it is not meant to protect "from damages existing before the injunction was issued." *Am. Bonding Co. v. Roggen Enters.*, 109 Nev. 588, 591, 854 P.2d 868, 870 (1993).

While the district court initially required Liu Jui-Kwa to post a bond in the amount of $65,994, it also gave her an alternative to pay $5,499.50 per month as security in the form of a cash deposit. Because Liu Jui-Kwa opted for the alternative, and made two deposits of $5,499.50, she only consented to liability up to that amount. *Cf. Sprint Commc'ns Co. v. CAT Commc'ns Int'l*, 335 F.3d 235, 241 (3d Cir. 2003) (explaining that a bond cannot be increased retroactively because the party who sought and

obtained the preliminary injunction only consented to liability up to the amount of the bond that is posted). Therefore, Wen-Tzu's recovery for damages against the security should have been limited to the $10,999 actually posted.[1] *See Tracy v. Capozzi*, 98 Nev. 120, 124-25, 642 P.2d 591, 594-95 (1982) (explaining that recovery for damages against a bond is permissible, but may not exceed the limits of the bond); *see also Am. Bonding Co.*, 109 Nev. at 591, 854 P.2d at 870. Accordingly, we

ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to issue a new order limiting the amount of the security payment to $10,999.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

---

[1]Our holding is limited to recovery on the security ordered by the district court for the stay pending appeal and does not preclude Wen-Tzu from seeking the remainder of the $65,994 by way of execution on the probate judgment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Gloria Sturman, District Judge
Reisman Sorokac
Solomon Dwiggins & Freer, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A