[Civ. No. 15873.   Second Dist., Div. One.   Feb. 24, 1948.]

A. A. BURNAND, JR., et al., Appellants, v. LEON M.
NOWELL et al., Respondents.

Albert W. Leeds for Appellants.

John W. Preston for Respondents.

YORK, P. J.—The original complaint herein sought a money judgment for $5,250 on account of an alleged deficiency in the area of land sold by defendants to the plaintiffs. Defendants answered and pleaded three special defenses. At the beginning of the trial after plaintiffs' first witness was sworn, the court sustained defendants' objection to the introduction of evidence on the ground that the complaint did not state a cause of action, and granted plaintiffs leave to amend their complaint. Accordingly plaintiffs filed an amended complaint seeking reformation of an option agreement and of both the buyers' and sellers' escrow instructions, constituting the agreement of sale and purchase herein, and also sought a judgment for $5,250 on account of an alleged deficiency in the area of the lands described in these three documents.

When the cause came on for further hearing upon the amended complaint and the answer thereto, defendants renewed their objection to the introduction of evidence on the ground that such amended complaint did not state a cause of action, and moved for a judgment on the pleadings, which motion was granted.

Plaintiffs have perfected this appeal from such judgment. It is well settled that where judgment has been rendered for defendants on the pleadings, "the sole question is whether the complaint states a cause of action; that in passing upon such motion for judgment on the pleadings nothing may be considered but the complaint itself. Nothing dehors the complaint, nor any defense thereto set up in the answer, can be taken into account in disposing of such a motion. The truth of the allegations contained in the complaint must be assumed and, if the pleading alleges ultimate facts which disclose the existence of a cause of action in favor of the plaintiff, then the motion for judgment on the pleadings must

be denied.'' (*North Side etc. Assn.* v. *Hillside etc. Park,* 70 Cal.App.2d 609, 613 [161 P.2d 618].)

The amended complaint herein alleges that defendants, as owners of the West one-half of section 15, and the Southeast one-quarter of section 21, Township 10 South, Range 6 East, S.B.B.M., situate in San Diego County, entered into an agreement with Harry Woods, who was acting as agent for the plaintiffs, whereby defendants gave to said Woods an option to purchase said property at $50 per acre; that said agreement was reduced to writing but through mutual mistake of the parties thereto said agreement did not truly express their intention in that they assumed that said property consisted of 480 acres and computed the purchase price upon such mistaken assumption, the total purchase price being stated in said agreement as $24,000; that on January 1, 1945, said Woods assigned his interest in said agreement to plaintiffs, who thereupon exercised the option therein contained and on January 29, 1945, entered into a written agreement whereby ''plaintiffs agreed to purchase, and defendants agreed to sell, the real property hereinabove described for a purchase price of Fifty ($50.00) Dollars per acre''; that said agreement of purchase and sale was in the form of buyers' and sellers' escrow instructions executed by plaintiffs and defendants respectively and deposited with the escrow holder, and provided for a total purchase price of $24,000, payable $10,000 in cash and a purchase money trust deed for $14,000; that said real property was described in both documents as the ''W½ of Sec. 15, T 10 S, R 6 E, *containing 320 acres* and the SE¼ of Sec. 21, T 10 S, R 6 E, S.B.B., *containing 160 acres,* in the County of San Diego, State of California.''

It is further alleged that on February 26, 1945, plaintiffs ascertained that said real property which they agreed to buy and defendants agreed to sell for the purchase price of $50 per acre did not consist of 480 acres, but on the contrary consisted of not more than 375 acres, ''in that the West ½ of Section 15, Township 10 South, Range 6 East, S.B.B.M., contains not more than Two Hundred Fifteen (215) acres''; (instead of 320 acres, the normal acreage in a half section). It is also alleged that the purchase price which plaintiffs agreed to pay and defendants agreed to accept under said option and agreement was $18,750, but by reason of the mutual mistake of the said parties, ''the purchase price set

forth in said option agreement and said purchase and sale agreement was Twenty-four Thousand ($24,000.00) Dollars''; that plaintiffs have duly performed all their obligations under said agreement and pursuant to such mutual mistake they paid to defendants on April 28, 1945, $10,000 cash and delivered their promissory note for $14,000, ''and on or about June 12, 1945, plaintiffs paid to defendants the full amount of said note''; that although plaintiffs advised defendants of such mutual mistake and demanded the return of sums which they paid in excess of the amount of the purchase price of said property, as mutually agreed upon, defendants have failed and refused to return said excess sum, to wit: the sum of $5,250. The prayer of said amended complaint is for the reformation of the three instruments hereinabove referred to so that they shall truly express the intention of the parties; and for an award of $5,250.

None of the documents, hereinabove mentioned which constituted the agreement of sale and purchase, specified that the price agreed upon was $50 per acre, the only clue that that sum might have been the basis of the sale price is the specification of acreage in the description of the land sold, to wit:

''W ½ of Sec. 15, T 10 S, R 6 E, *containing 320 acres,* and SE¼ of Sec. 21, T 10 S, R 6 E, S.B.B.M., *containing 160 acres, . . .,''* the aggregate price thereof being $24,000.

However, appellants urge that ''As a general proposition, where in a sale of land at a specified rate per acre or other area unit the parties are mistaken as to the quantity of the land sold, in that it contains a lesser quantity than that contemplated by the parties, and such mistake affects the computation of the purchase price, a vendee who has fully paid the purchase price may recover compensation for the deficiency in an action for money had and received, or for damages, or for restitution of part of the purchase price. 153 A.L.R. 39.''

Respondents assert that ''Plaintiffs' payment of the entire purchase price and acceptance of deed, without objection, after knowledge of the alleged deficiency in the acreage conveyed, produced two legal results:

''(1) The contract thereby became merged in and was extinguished by the deed; and (2) plaintiffs are estopped from claiming reformation of the contract, or from recovering any part of the purchase price.''

In support of this stand respondents cite, among other cases, that of *Smiley* v. *Read,* 163 Cal. 644, 646 [126 P. 486], in which plaintiff and defendants entered into an agreement for

the sale and purchase of land described as "the 10.90 acres" of a certain tract. The purchaser there accepted the deed and paid the balance of the purchase price with knowledge that the land conveyed comprised only 9.676 acres, and then made demand for a conveyance of the difference in acreage, which was refused. He then sued for specific performance, or, if that were no longer possible, for damages arising from breach. The defendants contended that plaintiff was estopped by reason of his payment of the purchase price and acceptance of the deed.

The court there stated: "Section 2076 of the Code of Civil Procedure provides that 'The person to whom a tender is made, must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards.' It makes no difference how soon after the consummation of the sale plaintiff made his objection. His duty was to assert his unwillingness to accept the land offered at the time of the tender. Failing to do this he was estopped from demanding the fraction of an acre representing the difference between the amount of land mentioned in the contract and that specified in the certificate of title. (*Montgomery* v. *De Picot,* 153 Cal. 515 [126 Am.St.Rep. 84, 96 P. 305] ; *Gregg* v. *Von Phul,* 68 U.S. 274 [17 L.Ed 536].) . . . There is nothing in *Cavanaugh* v. *Casselman,* 88 Cal. 545 [26 P. 515], which is at all in conflict with the cases cited herein or with our determination of this appeal. . . . In the [last] cited case a deed and bill of sale had been offered in satisfaction of the agreement between the parties to the action and *had been refused.* Plaintiff then prepared and offered to defendant, for execution a deed and bill of sale accurately conforming to the contract, but defendant declined to execute these instruments. Later, because of his anxiety to comply with a contract of lease made with third parties, plaintiff accepted the deed and bill of sale offered by defendant and (we quote from the findings as set out in the decision), 'the defendants then delivered the said deed and bill of sale to the plaintiff with full understanding that they were not accepted as a full performance of said contract, but that plaintiff reserved the right to sue defendant for said breach.' "

See, also, 25 California Jurisprudence 588, section 100; and 84 American Law Reports 1030.

Appellants have cited no authority wherein a purchaser has been permitted to recover for a deficiency in the area of land conveyed, where he had knowledge of such deficiency at the time the deed thereto was tendered and failed to object.

Under the authorities above cited, the amended complaint failed to state a cause of action for the relief prayed for, and there was no error in granting the motion for judgment on the pleadings.

For the reasons stated, the judgment is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied March 12, 1948, and appellants' petition for a hearing by the Supreme Court was denied April 22, 1948. Shenk, J., voted for a hearing.