AMERICAN FEDERATION OF MUSICIANS, APPELLANT AND CROSS–RESPONDENT, v. RENO'S RIVERSIDE HOTEL, INC., RESPONDENT AND CROSS–APPELLANT.

No. 6087

October 12, 1970                    475 P.2d 221

*William L. Hammersmith,* of Reno, and *Robert R. Rissman,* of Los Angeles, California, for Appellant and Cross-Respondent.

*Streeter, Sala & McAuliffe,* of Reno, for Respondent and Cross-Appellant.

## OPINION

By the Court, THOMPSON, J.:

The main appellate question is whether the National Labor Relations Act, as amended, pre-empts state jurisdiction to enjoin the American Federation of Musicians from placing the Riverside Hotel on the National Defaulters List. That list is circulated among union musicians and advises them of defaults by employers in the payment of wages owing musicians. Subordinate questions also are offered to us for decision. The district court accepted jurisdiction, issued an injunction against the AFM and awarded damages to Reno's Riverside Hotel, Inc.

A labor dispute has never existed between the parties to this litigation. This controversy came about as a result of the sale of the Riverside Hotel in December 1964 by Riverside, Inc., seller, to Reno's Riverside Hotel, Inc., buyer, the respondent. Before that sale was made the seller had entered into contracts for the personal services of The Vagabonds and The Novelites, musical groups whose members belong to the AFM. They were to perform at the hotel during specified periods in 1965. The contract of sale provided that the buyer could assume the entertainment contracts, or elect not to do so, in which event the seller would hold the buyer harmless. The buyer elected not to assume them and so notified the entertainers in writing.[1] The entertainers never pressed a claim against the seller with whom they had contracted. Instead, they prevailed upon the AFM to arbitrate their claims against the buyer of the hotel who had elected not to assume their contracts and had notified them of that election. The AFM adjudicated a monetary liability against the buyer for breach of contracts in the total sum of $18,300. When the buyer refused to pay that amount the AFM placed the hotel on the National Defaulters List and instructed the local union that union musicians were not to perform at that hotel after a certain date and new contracts would not be approved for performances there. This suit was immediately commenced and a restraining order was issued which enabled the hotel to hire musicians and continue its entertainment.

1. Jurisdiction. The record shows that under applicable standards of the National Labor Relations Board the business operations of the hotel affect commerce within the meaning of the National Labor Relations Act.[2] And the United States Supreme Court has ruled that when the activity involved is "arguably subject" to section 7 or section 8 of the Act, the states as well as the federal courts must defer to the exclusive competence of the NLRB. San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959). Section 7, in relevant part, grants employees the right to engage in concerted activities

---

[1] Whether the contracts were assumed by the buyer was a disputed question of fact which the trial court resolved in favor of the buyer. Substantial evidence supports that finding.

[2] Indeed, in another matter, the NLRB asserted jurisdiction over the Riverside Hotel. Reno's Riverside Hotel, Inc. v. American Federation of Casino Employees, 163 NLRB 280 (1967). Cf. Vegas Franchises v. Culinary Workers, 83 Nev. 236, 427 P.2d 959 (1967), concerning the residual jurisdiction of state courts under § 14(c) of the Act, 29 U.S.C. § 164(c)1.

for mutual aid or protection. 29 U.S.C. § 157. Section 8 provides that the expressing of any views, argument or opinion, or the dissemination thereof shall not constitute an unfair labor practice under the Act. 29 U.S.C. § 158(c).

By reason of Garmon and the mentioned provisions of the Act, the appellant contends that the conduct of the union in placing the hotel on the defaulters list may be reviewed only by the NLRB and that a state court is powerless to act.

The sweep of the pre-emption rule declared by Garmon is not precisely defined. Perhaps the subject matter defies such definition. We know, however, that federal pre-emption is not total. Garmon itself recognizes a compelling state interest to enjoin violence, imminent threats to the public order, and intimidation. Id. at 247, 248. Moreover, the High Court since Garmon, has ruled that federal law does not pre-empt the power of state courts to grant damages in defamation actions tried under state law if the plaintiff can prove injury and malice. Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53 (1966).

In the case at hand we would not fault the AFM for its conduct in placing the hotel on the defaulters list, thereby notifying its membership that the prior owner of the hotel had failed to honor contractual obligations to musicians. It is not unlawful or improper for the union to list a defaulting employer for nonpayment. Miami Federation of Musicians v. Wompearce, Inc., 76 So.2d 298 (Fla. 1954); Mackey v. Moss, 175 So.2d 749 (Ala. 1965).[3] However, the AFM did more than that. It directed the local union to notify members that new contracts with entertainers would not be approved for the hotel until the liability of the former owner was paid by the new owner. This coercive device was utilized notwithstanding the fact that the new owner had met all of its commitments to musicians and no dispute existed between the new owner and its employed musicians over wages, hours or conditions of employment. Had the court not intervened it is fair to assume that the union musicians would have obeyed the directive of the AFM and the hotel would have been denied entertainment for its guests.

We have denounced coercion of similar character. Building

---

[3]Neither Moss nor Wompearce, supra, discussed the issue of preemption. Apparently that issue was not before the court in either case.

Trades v. Thompson, 68 Nev. 384, 234 P.2d 581 (1951). That decision, however, was handed down several years before the illusory pre-emption rule of Garmon was announced. Accordingly, the AFM contends that Thompson is no longer viable. We do not agree. In our opinion there exists a compelling state interest to deal with unlawful coercion which does not significantly conflict with the purposes of federal law. The operation of the Riverside Hotel was important not only to its owner, but to the economy of Reno as well, a consideration of significance to this state. The federal right of employees to engage in concerted action for mutual aid and protection [Sec. 7] and to disseminate information and views [Sec. 8] is not subverted by the recognition of state power in the limited circumstances presented here. We therefore conclude that the National Labor Relations Act, as amended, does not pre-empt state jurisdiction to enjoin the unlawful coercion attempted in this case.

2. Damages. The hotel's complaint sought compensatory and punitive damages in excess of $10,000 in addition to injunctive relief. The court awarded $3,000 compensatory and $10 punitive damages. Moreover, the court ordered AFM to pay counsel for the hotel $1,500 as attorney's fees.

The compensatory damage award was the exact amount of counsel fees incurred and paid by the hotel to its counsel for services incident to this litigation. The hotel was not otherwise damaged by the conduct of AFM. This suit apparently prevented further damage. It is appropriate in some cases to consider attorney's fees as an item of damage. McIntosh v. Knox, 40 Nev. 403, 165 P. 337 (1917). Since the institution of this litigation by the hotel was due to the activity of AFM, and the expenditure for representation of counsel was necessary, the trial court properly treated that expenditure as damage in line with the reasoning of McIntosh v. Knox, supra.

The award of $1,500 counsel fees was not authorized by the statute in effect when this suit was commenced in May 1967. At that time the court, in its discretion, could make an allowance of fees to the plaintiff as the prevailing party when he did not seek a recovery in excess of $3,000. 57 Stats. Nev. 130.[4] That award must be stricken.

By cross-appeal the hotel asks our determination that the

---

[4]That portion of the statute has since twice been amended. See 67 Stats. Nev. 1254; 69 Stats. Nev. 667 now NRS 18.010(3)(a).

punitive damage award of $10 is too low. We decline to disturb the court's exercise of discretion in this instance.

Affirmed as modified.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.