ARTISTIC HAIRDRESSERS, INC., a Nevada Corporation, and NEW YORK UNDERWRITERS INSURANCE COMPANY, a Corporation, Appellants, v. SID LEVY, JOSEPHINE STEINFELD, and EDITH HANSEN, Respondents.

No. 6412

June 28, 1971            486 P.2d 482

*Peter L. Flangas,* of Las Vegas, for Appellants.

*Morton Galane* and *A. Loring Primeaux,* of Las Vegas, for Respondents.

314

## OPINION

By the Court, MOWBRAY, J.:

The issue presented for our consideration on this appeal is whether attorney's fees incurred in obtaining the dissolution of a wrongful injunction are recoverable as damages within the scope of NRCP 65(c), which provides, in part:

"*(c) Security.* No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . ."

The court below ruled that reasonable sums paid as attorney's fees in obtaining dissolution of the injunction were recoverable as damages under the provisions of the rule. We agree, and we affirm the judgment of the district court.

1. *The Facts.*

On October 21, 1969, the plaintiff-appellant, Artistic Hairdressers, Inc., filed a motion and a complaint in the district court seeking a temporary and permanent injunction under the provisions of NRCP 65(a) and (b)[1] to enjoin the respondents-defendants, Sid Levy, Josephine Steinfeld, and Edith Hansen,

---

[1]NRCP RULE 65 (INJUNCTIONS), Paragraphs (a) and (b):

"*(a) Preliminary; Notice.* No preliminary injunction shall be issued without notice to the adverse party.

"*(b) Temporary Restraining Order; Notice; Hearing; Duration.* No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable

from retaining in employment or hiring certain named persons, all of whom had been employees of Artistic Hairdressers, Inc. On October 24, 1969, the district judge granted appellant's motion for a temporary restraining order and, under the provisions of paragraph (c) of the pertinent statute, fixed bond in the sum of $50,000. The respondents moved on October 27, 1969, to dissolve the temporary restraining order. After a hearing on the motion, the court ordered dissolution of the temporary injunction on October 29, 1969. Thereafter, respondents filed an appropriate motion to recover their damages resulting from the wrongful injunction. The same district judge who had granted the temporary restraining order and who later ordered its dissolution heard the motion for assessment of damages. He ruled at the conclusion of the hearing on the motion that, while the respondents had not suffered any financial loss in their business, they had incurred damages in the sum of $2,500, which they had paid to their attorney for necessary services rendered in the preparation and prosecution of the motion to dissolve the temporary restraining order. The district judge entered a judgment in favor of the respondents and against the appellant for that amount, and this appeal resulted.

2. *The Allowance of Attorney's Fees.*

Appellant's principal argument, that attorney's fees are not

injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 15 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."

allowable as damages within the concept of NRCP 65(c), is based on the decisions of the federal courts that preclude the allowance of attorney's fees as damages in wrongful injunction suits.[2] Since Nevada has adopted in general the Federal Rules of Civil Procedure, the appellant argues that the federal rule must prevail in this case. We do not agree. Attorney's fees have been allowed as recoverable damages in Nevada long before the State adopted the Federal Rules of Civil Procedure. See Brown v. Jones, 5 Nev. 374 (1870), and McIntosh v. Knox, 40 Nev. 403, 165 P. 337 (1917). And after the Federal Rules of Civil Procedure were adopted, attorney's fees have been allowed in wrongful injunction suits. See American Fed'n of Musicians v. Reno's Riverside Hotel, Inc., 86 Nev. 695, 475 P.2d 220 (1970), and Glens Falls Ins. Co. v. First Nat'l Bank, 83 Nev. 196, 427 P.2d 1 (1967). We see no reason to abrogate the ruling at this juncture. The reason for the rule and the justification for the allowance of attorney's fees in such cases was well put by this court in McIntosh, *supra*. Although that case involved a wrongful attachment, the reasons expressed for the rule followed there are equally applicable here. There, the court said, 40 Nev. at 413, 165 P. at 338: "It [an attachment proceeding] is a harsh remedy, and for that reason one who brings the action must pay the damage sustained by the adversary in case the proceedings are wrongfully instituted."

In this case, the respondents honored the temporary injunction. They moved with dispatch to seek its dissolution. To do so, the services of an attorney were required. They engaged an attorney for that limited purpose and paid him a $2,500 fee, which the court below found reasonable. They must be reimbursed accordingly.

Appellant has also argued that there was no substantial evidence before the district judge to support the $2,500 award. We do not agree. The district judge who fixed the damages also granted the temporary injunction, later ordered its dissolution, and then finally heard the motion for the assessment of damages resulting from the wrongful injunction. The judge was well acquainted with, and able to determine the reasonableness of the fee from, all the pleadings and records presented to him. Cf. Casey v. Williams, 87 Nev. 137, 482 P.2d 824 (1971).

---

[2]Hoon v. Harmer Steel Prods. & Supply Co., 278 F.2d 427 (9th Cir. 1960); Heiser v. Woodruff, 128 F.2d 178 (10th Cir. 1942); In re Farmer's Union Merc. Co., 26 F.2d 102 (D.C.S.C. 1928).

In passing, we wish to note that only those reasonable attorney's fees directly related to the dissolution of the wrongful injunction may be recovered. As the California court said in Curtiss v. Bachman, 42 P. 910, 911 (Cal. 1895):

"Counsel fees incurred by a defendant by reason of a preliminary injunction are recognized as a part of the damages for which he has a right to indemnity, and are within the undertaking which the plaintiff is required to give as a condition of procuring the injunction; but only such counsel fees as may be incurred after the injunction has been issued, and prior to the determination of the action, can be considered as within the rule. If the defendant, instead of attempting to remove the temporary injunction, seeks rather to prevent the issuance of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees thus incurred is an incident of the suit, and is not recoverable as damages sustained by reason of the injunction. . . ." See also Mason v. United States Fidelity & Guar. Co., 141 P.2d 475, 479 (Cal.App. 1943).

We conclude that attorney's fees are a recoverable item of damages under the provisions of NRCP 65(c) and that the record amply supports the $2,500 award made by the district judge in this case. Therefore, the judgment is affirmed.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.