THE CITY OF LAS VEGAS, A MUNICIPAL CORPORATION; BOARD OF COMMISSIONERS OF THE CITY OF LAS VEGAS, NEVADA, AND WILLIAM BRIARE, ROY WOOFTER, MYRON LEAVITT, RON LURIE, AND PAUL J. CHRISTENSEN, CONSTITUTING THE MEMBERS OF SAID BOARD, AND ILA BRITT, DIRECTOR OF LICENSE AND REVENUE DEPARTMENT, APPEL-LANTS AND CROSS–RESPONDENTS, v. HILMA BAILEY, ESTHER CHAPMAN, G. N. NAOMI CHERRING-TON, DEBRA DEMPSEY, URSULA FOHMANN, CAROL FOREMAN, CHARLOTTE MILLER, DELORES JOHNSON, MARIA SANTA MARIA, CYNTHIA SENOR, JOANNA SHELDON, EDITH ELAINE TANT, VICKI DAVID YORTON, AND BAX-TER BOULET, DOING BUSINESS AS SULTAN'S PAL-ACE, RESPONDENTS AND CROSS–APPELLANTS.

No. 8643

December 30, 1976        558 P.2d 622

*Carl E. Lovell, Jr.,* Las Vegas City Attorney, for Appellants and Cross-Respondents.

*Oshins, Brown & Singer, Chartered,* and *George Spizzirri,* Las Vegas, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

Respondents sought and obtained, in the district court, an extraordinary writ of mandamus against the City of Las Vegas. The City ignored the writ; and, in ancillary proceedings to compel compliance, the district court found, as fact, "bad faith conduct" on the part of the City because of its willful and deliberate failure to obey the lawful and unchallenged writ.

Special damages, in the form of an attorney's fee, were awarded respondents for the legal work which the "bad faith conduct" necessitated. The City has appealed.

We are not persuaded by the record, nor the briefs submitted by the City, that in this factual setting, the award of damages constituted reversible error. See American Fed. Musicians v. Reno's Riverside, 86 Nev. 695, 475 P.2d 221 (1970). Accordingly, we affirm. See also: Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976); City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970); Swallow Ranches, Inc. v. Bidart, 525 F.2d 995 (9th Cir. 1975).

Although respondents filed a cross-appeal, which contended they were entitled to additional fees, they have advanced neither relevant nor authoritative argument on their behalf; therefore, the cross-appeal is dismissed.