WILLIAM A. ANDERSON AND JOYCE E. ANDERSON, APPELLANTS, v. SHIRLEY WEISE AND DR. WINTHROP G. DALE, RESPONDENTS.

No. 10108

August 16, 1979                    598 P.2d 1144

*Laxalt, Berry & Allison,* of Carson City, for Appellants.

*C. Frederick Pinkerton,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This is an action to reform the description of real property in a deed thereof, and to recover, as damages, attorney's fees and other expenses incurred in prosecuting the case. Reformation was ordered and damages assessed. This appeal followed.

Mr. and Mrs. William Anderson sold about one acre of land to Mr. and Mrs. Bartholomew Corrie. The parcel was located near Incline Village and immediately west and sharply downhill from a pioneer or rough road, the center of which was to be the eastern boundary line of the parcel. The person who prepared the description used in the deed did not know the intended eastern boundary line. The parcel was described by metes and bounds based upon a 1965 tentative subdivision map prepared by Crystal Bay Development Company. That description placed the eastern boundary line substantially to the west of the center line of the pioneer road and within inches of the home thereafter constructed upon the property by the Corries.

Shirley Weise and Winthrop Dale became interested in purchasing the Corrie home and deposited $29,000 in escrow, moved into the home, and expended about $3,900 to complete certain portions of the home in order to satisfy financing requirements. At that time the Corries and Weise-Dale believed that the eastern boundary line went to the middle of the pioneer road. Thereafter, because of conduct on the part of William Anderson, Weise-Dale decided to have a survey of their parcel. That survey revealed that the eastern boundary line, as described in the Anderson-Corrie deed, was substantially to the

west of the center of the pioneer road and within inches of the home.

Notwithstanding this information, Weise-Dale proceeded to consummate their deal with the Corries. They believed themselves justified in doing so because they had been friends of the Andersons and thought it would be easy to rectify the mistake, and also because Mr. Corrie, after the survey, had assured them that there had to have been a mistake. Unfortunately, settlement was not possible and this litigation ensued. The judgment from which this appeal is taken directed that the deed from the Corries to Weise-Dale be reformed as against William A. and Joyce E. Anderson so as to correctly describe the east boundary as agreed to by William A. Anderson and Bartholomew Corrie. Damages also were awarded to Weise-Dale.

1.  The central issue is whether knowledge by Weise-Dale of the erroneous description in the Anderson-Corrie deed before closing escrow and accepting the transfer of title from Corrie through a deed containing the same error in description precludes reformation.

The Andersons contend that the equitable remedy of reformation is not available in such circumstances. On the other hand, Weise-Dale argue that since the Corries would have been entitled to reformation for a mutual mistake, their successors (Weise-Dale), who also relied upon the Anderson-Corrie understanding as to the location of the east boundary line instead of the deed description, equally are entitled to that remedy.

We have found no case on point. General principles applicable to reformation in a different factual context are established. A deed will be reformed between the parties to reflect their true intention when that intention has been frustrated by mutual mistake. Seyden v. Frade, 88 Nev. 174, 494 P.2d 1281 (1972). Thus, in the matter at hand, the Corries would have been entitled to reformation as against the Andersons upon learning of the erroneous deed description.

In litigation between the original parties it has been held that a grantee paying the balance of the purchase price after he knew of a mistake in the deed acquiesced in the mistake and could not urge it as a basis for reformation. Schillinger v. Huber, 320 P.2d 346 (Mont. 1958); Burnand v. Nowell, 189 P.2d 796 (Cal.App. 1948).

Those in privity with the original parties are entitled to reformation if circumstances have not intervened rendering such

relief inequitable. Robo Sales, Inc. v. McIntosh, 495 S.W.2d 420 (Mo. 1973); cf. Adams v. Baker, 24 Nev. 162 (1897). Thus, if a mistake in a description occurs in a series of conveyances that would entitle any one of the vendees to a reformation as against the immediate vendor, equity will work back through all and give the last vendee a right of reformation against the original vendor. Heini v. Bank of Kremmling, 25 P.2d 1113 (Colo. 1933); Annot., 89 A.L.R. 1444 (1934).

Weise-Dale are in privity with the Corries. In addition to the fact of privity, however, is their knowledge of the erroneous description in the Anderson-Corrie deed before accepting title from Corrie containing the same error in description. As before noted, whether such knowledge precludes reformation is the dispositive issue.[1]

The appellants ask us to apply Schillinger v. Huber, supra, and rule, as a matter of law, that payment of the balance of the purchase price after knowledge of the mistake, precludes reformation. We do not choose to adopt such a position. Reformation is an equitable remedy and should be available when fairness demands such relief. This, of course, essentially is a factual determination. Had the trial court declined to accept the advisory jury's recommendation believing that, in the circumstances present, knowledge of the mistake by Weise-Dale should preclude reformation, we might well affirm. However, the trial court accepted the advisory jury's recommendation, apparently believing that, in the circumstances present, it was not unreasonable for Weise-Dale to consummate the purchase from the Corries, and, therefore, directed reformation. Cf. Stoerger v. Ivesdale Co-Op Grain Company, 304 N.E.2d 300 (Ill.App. 1973), where the court noted that to bar reformation, the negligence of a party must be so gross as to amount to a violation of a positive legal duty. Weise-Dale consummated the deal after knowledge of the mistake because they had been friends with the Andersons and thought they would willingly rectify the mistake. In our view, it was permissible for the court below to conclude, as a matter of fact, that fairness demanded reformation.

2.  The district court awarded Weise-Dale attorney's fees as an item of damage. The award was permissible. City of Las

---

[1] In the reverse situation we have allowed reformation to a grantor as against a subsequent grantee who took possession with knowledge of a mistake made between the grantor and original grantee concerning a property description in the deed. Lattin v. Gray, 75 Nev. 128, 335 P.2d 778 (1959).

Vegas v. Bailey, 92 Nev. 756, 558 P.2d 622 (1976); Pearson v. Clucas, 89 Nev. 179, 510 P.2d 629 (1973); Artistic Hairdressers, Inc. v. Levy, 87 Nev. 313, 486 P.2d 482 (1971); American Fed. Musicians v. Reno's Riverside, 86 Nev. 695, 475 P.2d 220 (1970); cf. City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970).

3.  Other assigned errors do not merit discussion.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.