**WELCH et al. v. KENT et al.**

No. 3880.

Court of Civil Appeals of Texas. Beaumont.

June 12, 1941.

C. A. Lord, David C. Marcus, C. E. Pool, and Leon P. Howell, all of Beaumont, for appellants.

Melvin Combs, Co. Atty., and H. C. Keen, both of Beaumont, and Quentin Keith, of Pt. Arthur, for appellee.

WALKER, Chief Justice.

This suit was instituted by appellee, W. W. Kent, suing as county treasurer for and in behalf of Jefferson county, represented by E. W. Easterling, county attorney, against Louis Welch, Thomas E. Kelly, H. O. Mills and Ben F. Shipley, the four county commissioners of Jefferson county, and Clarence A. Ganoung, county auditor of Jefferson county, and his successor in office, Eugene Seale Foreman, to recover the sum of $1,597.75. For cause of action, appellee alleged that the county auditors approved certain claims totalling $1,597.75 as being due certain persons named in his petition, and that the four county commissioners, sitting as the commissioners' court of Jefferson county, approved these claims and ordered them paid out of the permanent improvement fund of Jefferson county, and that the holders of these claims presented them for payment to him as county treasurer, evidenced by vouchers regularly drawn against the permanent improvement fund, and that upon the faith of these vouchers he paid these claims. He further alleged that the county auditors, in approving these claims and "in submitting the same to the commissioners' court for payment out of the funds and moneys of Jefferson County, Texas, as aforesaid, were each and all wholly without authority in law." He alleged further that the acts of the four county commissioners in approving these claims and ordering them paid acted and voted "wholly without authority of law and not in any manner in accordance with the laws of the State of Texas in such cases made and provided * * * and each of said commissioners, named defendants herein, in so voting and acting in the premises, as aforesaid, constituted a voting and consenting to the payment of moneys and funds out of the county funds of Jefferson County, Texas, for unlawful purposes * * * and * * * each of said county commissioners, herein named as defendants, and each of said county auditors named herein as defendants, neglected in said particulars to faithfully perform and discharge the duties required of them, and each of them, by law as county commissioners, and each of said defendants, Ganoung and Foreman, as county auditors, in approving said expenditures * * * failed and neglected thereby to well and faithfully perform and discharge all of the duties required of them and each of them as county auditors of Jefferson County, Texas. And plaintiff would further show unto the court that the said county auditors, and each of them, by reason of the acts and things complained of herein and because of the unlawful payment and expenditures * * * herein complained of and approval thereof, became and are liable to Jefferson County, Texas, for the total sum of $1,-597.75, being the total amount so unlawfully paid, expended * * * as aforesaid, together with interest thereon from the date of the expenditures of said sums to date of judgment herein at the rate of 6% per annum." Appellee Kent made no allegation that the county auditors in auditing and approving the claims and that the county commissioners in approving and ordering the claims paid acted maliciously or corruptly. On our disposition of the

case it is sufficient to say that the defendants answered by general demurrer. On an instructed verdict, judgment was entered in favor of appellee Kent in the capacity in which he sued against the four county commissioners and Clarence A. Ganoung jointly for the sum of $750, and against the four county commissioners and Eugene Seale Foreman jointly for the sum of $847.75, from which this appeal was regularly prosecuted. Certain judgments also were entered on cross action by Mr. Foreman.

We pretermit a discussion of appellants' plea in abatement, that appellee Kent, as county treasurer of Jefferson county, was without authority to prosecute this suit. For the following reasons appellee Kent's petition was subject to the general demurrer, and was without support in the evidence:

■ ■ In approving for payment the claims in issue and ordering them paid, the four county commissioners acted as the commissioners' court of Jefferson county; they acted in their judicial capacity in entering the orders on which these claims were paid. Sec. 18, Art. V, State Constitution Vernon's Ann.St. The judicial character of the acts of the four county commissioners, sitting as the commissioners' court, is expressly recognized by Sec. 8, Art. V of the State Constitution, which confers upon the district court "appellate jurisdiction and general supervisory control over the County Commissioners Court," subject to the exceptions enumerated in this section of the Constitution. When these claims were presented to the Commissioners' court, it had the constitutional power to audit them and to reject them, and if the claims were proper charges against the county funds, to order them paid. Had the claims been rejected, the order of rejection would have been a judicial order. In ordering the claims paid, the commissioners' court was called upon to determine a point of law, whether these claims constituted a legal charge against the funds of the county. In determining this point of law the court acted judicially. On this point Judge Sharp, writing for the Commission of Appeals in Ashburn Bros. v. Edwards County, 58 S.W.2d 71, 73, said: "The law conferred upon the commissioners' court of Edwards county the jurisdiction of the business affairs of the county. * * * The rule is well established in this state that an order of the commissioners' court acting judicially in a proceeding in which the court has jurisdiction is. a judgment of a court of record." In Coryell County v. Fegette, Tex.Civ.App., 68 S.W.2d 1066, 1067, the court said: "When a commissioners' court considers and allows a claim against the county and directs its payment, it is exercising the authority so conferred and is acting judicially." See also Callaghan v. Salliway, 5 Tex.Civ.App. 239, 23 S.W. 837; Earnest v. Woodlee, Tex.Civ.App., 208 S.W. 963; Davisson v. Eastland County, Tex. Civ.App., 6 S.W.2d 782; Padgett v. Young County, Tex.Civ.App., 204 S.W. 1046.

Having acted judicially in approving and ordering paid the claims in issue—having acted as constitutional judges sitting as members of a constitutional court—were the county commissioners liable to Jefferson county for a mistake of law in the due exercise of this judicial discretion? We say "due exercise" because, as stated above, there was no allegation, and certainly there was no proof, that they acted maliciously or corruptly. No contention is made that the county commissioners in approving these claims were guilty of a mistake of fact; if the claims were erroneously paid, it was simply a mistake of law. Appellee's whole case rests upon the proposition that the county commissioners, acting in good faith in the discharge of their constitutional, judicial duties, approved a claim which was not a lawful charge against the funds of Jefferson county.

■ The general rule is that a judge of a court of general jurisdiction, acting within his judicial discretion, is not civilly liable to a person injured by his judgment, even though he acted negligently, wilfully or maliciously. Morris v. McCall, Tex.Civ. App., 53 S.W.2d 667, and the authorities therein cited. But county commissioners when acting judicially are not protected by this general principle of nonliability accorded courts of general jurisdiction. This conclusion must follow on Art. 2340, R.C. S.1925, which requires a county commissioner to make bond "that he will not vote or give his consent to pay out county funds except for lawful purposes." Being penal in its nature, this article must be strictly construed as a limitation on the immunity accorded a judge in the exercise of his judicial discretion. In voting "to pay out county funds," a county commissioner is not liable when actuated by pure motives, but only when he acts maliciously or corruptly, or under circumstances imputing

malice or corrupt motives. He is not liable to his county for his judicial acts, no matter how erroneous in law may be his judicial decisions, so long as he acts in good faith. We think the general principles discussed in McNair's Petition, 324 Pa. 48, 187 A. 498, 106 A.L.R. 1373, have direct application to a county commissioner, when acting judicially as a member of the commissioners' court.

■ Was it the burden of appellee Kent to allege and prove that the county commissioners acted maliciously and corruptly in approving the accounts in issue, or was it their burden to allege and prove that in voting for the payment of these accounts they were actuated by pure motives? This question is answered by the following proposition from 30 Am.Jur. 765, subject Judges, Sec. 50: "The law imputes good faith to judicial action, and the burden is on the one attacking it to allege and prove the want of it." See Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L.R.A., N.S., 164, Ann.Cas.1914C, 1155. These principles of law governing the liability of a county commissioner when acting judicially must be sound, otherwise, no matter how pure his motives, he would put in issue his honor and fortune by every vote cast by him when sitting as a constitutional judge.

■ It necessarily follows that the judgment of appellee Kent in his capacity of County Treasurer against the county commissioners must be reversed. As stated above, appellee did not plead against the county commissioners that they acted maliciously or corruptly; the evidence affirmatively excludes any probability that on another trial he could raise the issue that they acted maliciously or corruptly in ordering paid the accounts in issue. It follows that judgment should here be rendered that appellee recover nothing against the county commissioners, and that they go hence without day and recover their costs.

■ Appellee Kent's petition against the county auditors was also subject to the general demurrer. One condition of their oath and bond (Art. 1649, R.C.S.1925) was that they would faithfully discharge the duties of their office. To constitute a cause of action against a county auditor on his bond, the pleader must allege and prove that, in the matters charged against him, he acted maliciously, corruptly or negligently, 20 C.J.S., Counties, § 140, p. 952; these allegations must be made by the

pleader because of the presumption of the regularity of the official acts of the county auditor. Again, to constitute a cause of action against a county auditor, the pleader must allege and prove facts showing that his failure to perform the act charged against him was a proximate cause of the damages sued for. 20 C.J.S., Counties, § 140, p. 953, and authorities there cited. Appellee plead none of these facts against the county auditors, but his case against them rested, as did his case against the county commissioners, on the proposition that on a mistake of law they erroneously approved these accounts. On the facts, their action in approving the accounts created no liability against Jefferson county. Their audit of the accounts concealed no fact from the commissioners' court. In approving the accounts, on the allegation of the petition, the auditors did not breach the conditions of their oath and bond as prescribed by Art. 1649, R.C.S.1925, nor did they breach any duty imposed upon them by the statutes creating their office. The evidence excludes any theory that the acts charged against the county auditors constituted a proximate cause of the damages sued for. These conclusions are not in conflict with any proposition announced by the Commission of Appeals in Southern Surety Company v. Hidalgo County, 125 Tex. 390, 83 S.W.2d 313, construing the statutes defining the duties and liabilities of county auditors.

It follows that the judgment of appellee against the county auditors must be reversed, and since it conclusively appears that, on the principles herein announced, he cannot make out a case against them on another trial, judgment is here rendered that he recover nothing against them, and that they go hence without day and recover their costs.

Since appellee's judgment against the county commissioners and county auditors must be reversed and rendered, it necessarily follows that the judgments in favor of Mr. Foreman over against the persons to whom the claims were paid must be reversed and judgment here rendered in their favor that they go hence without day and recover their costs. The judgment of the lower court sustaining the general demurrer to the cross-action against appellee W. W. Kent in his personal capacity is affirmed.

Judgment of the lower court is reversed and rendered in part and in part affirmed.