JAMES R. CHAPMAN, APPELLANT, *v.* THE CITY OF RENO, A MUNICIPAL CORPORATION, RESPONDENT.

No. 5663

June 11, 1969                                   455 P.2d 618

366

*Free and Bortolin,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon,* of Reno, for Respondent.

# OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a final judgment on an order of dismissal of a complaint alleging tortious conduct against appellant by a police officer of the City of Reno. The police officer and the City of Reno were named as defendants. The dismissal and final judgment were in favor of the City only.

James R. Chapman, appellant (plaintiff below), alleged four causes of action in his complaint. The first cause of action was against Mahlon P. Kent alone and contended he had maliciously adopted Chapman's minor daughter. The second cause of action was against Kent and the City of Reno. It alleged that Kent, while acting as a police officer of the City of Reno, maliciously instituted a criminal prosecution against Chapman for using foul and abusive language in a public place. Chapman was convicted of the offense in municipal court, but upon appeal to the district court and a trial *de novo*, he was acquitted. Chapman alleged that Kent, while in uniform, had vexed and annoyed him to the extent he had reported the conduct to the Reno Chief of Police, which failed to halt the conduct. The third cause of action was also against Kent and the City. It alleged that Kent, while in police uniform, slandered Chapman to various persons in Reno by stating that Chapman was an ex-felon, a child molester, a thief, and had recently burglarized his own beauty salon to collect insurance. The fourth cause of action was against Kent and the City of Reno. It alleged that Kent, while in police uniform, advised Teddy Ann McKenna, one of Chapman's employees, that she had better quit her employment or she would become involved in a fraud scheme that Kent was perpetrating on his insurance carrier; that the employee did quit and that Kent willfully and maliciously interfered with Chapman's business relationships.

The City of Reno moved to dismiss the complaint under NRCP 12(b) for failure to state a claim upon which relief could be granted against it. The lower court, without specifying the reason for its order, granted the motion, dismissed the

complaint and entered judgment for the City pursuant to NRCP 54(b). This appeal followed.

It must be clearly understood that Kent is not before the court in this appeal. We are concerned with and limit our decision to the action between Chapman and the City of Reno only.

Because no evidence was taken in the lower court, we limit our discussion to those facts alleged in Chapman's complaint and issues of law raised by the motion to dismiss. An inference to be drawn from Chapman's complaint, while not expressly stated, is that Kent is or was married to Chapman's former wife and that the difficulty between them arose out of that triangular relationship.

In ruling on the motion to dismiss, the lower court was obligated to accept as true the allegations in Chapman's complaint, to accord him favor in the inferences to be drawn therefrom, and to resolve all doubts in his favor. Hansen-Neiderhauser v. Nevada Tax Comm., 81 Nev. 307, 402 P.2d 480 (1965); Brooks v. Dewar, 60 Nev. 219, 106 P.2d 755 (1940); Barron and Holtzoff, Federal Practice and Procedure, Vol. 1–A, Sec. 350. In reviewing the action of the lower court in dismissing the complaint, we must insure that the lower court accorded him those rights.

While there were many points urged to the lower court for and against the motion to dismiss, and an equal number of issues raised in the appeal, we shall discuss only those points which are determinative of the correctness of the order dismissing the complaint against the City of Reno.

1. As to the second cause of action seeking recovery against the City of Reno for the tort of its agent, Officer Kent, for bringing about a malicious prosecution of appellant, we hold the action may be maintained against the City pursuant to the provisions of NRS 41.034[1], which, though since repealed, was in effect at the time this cause of action arose. That statute is a special statute having application to policemen and firemen, and provides that immunity is waived both

---

[1]41.034 (repealed Statutes of 1967, Chapter 368, Page 993) CONDITIONS AND LIMITATIONS ON ACTIONS: ACTS, OMISSIONS OF PEACE OFFICERS, FIREMEN. No action may be brought *under NRS 41.031 or against the employee* which is based upon an act or omission of any peace officer or fireman, unless such act or omission amounts to *gross negligence or to willful or wanton misconduct.* (Emphasis added.)

as to the political subdivision and the policemen or firemen, if that act or omission of the employee amounted to gross negligence or he was guilty of willful misconduct. While this construction of the statute accords to the policemen and firemen greater protection than that given other employees if the act involved is of a ministerial nature, it affords less protection to them than to other employees if the act involved is of a discretionary nature. See NRS 41.031 and 41.032. We note NRS 41.034 has since been repealed, indicating legislative disapproval of the immunity waived by the statute.

2. The elements of malicious prosecution, arising from termination of the criminal prosecution, are (1) want of probable cause, (2) malice, (3) termination of litigation, and (4) damage. Bonamy v. Zenoff, 77 Nev. 250, 362 P.2d 445 (1961); Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966). Malice may be inferred from proof of want of probable cause. McNamee v. Nesbitt, 24 Nev. 400, 56 P. 37 (1899). See also Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962).

Respondent contends that appellant's conviction in the municipal court is conclusive evidence of the existence of probable cause, or at least conclusive unless it was obtained by fraud, perjury or other corrupt means. See 3 Rest. Tort, Section 667. However, we think the better rule, albeit minority rule, where there is a trial de novo (resulting in an acquittal) in a court of record on appeal from conviction of defendant in a minor, nonrecord court, is that the conviction is only prima facie evidence of probable cause. The reason for our rule is that without a record it is difficult, if not impossible, to know what transpired in the minor court. Except for the recollection of witnesses, and whatever the concise, summary court minutes might disclose, there is no other proof available of the circumstances surrounding the conviction, including evidence of fraud, perjury or other corrupt means. Those factors, balanced against an acquittal in the higher court, presided over by a trained judicial officer with the proceedings fully reported, justify our adoption of the announced rule. See 86 A.L.R.2d, Anno. 1090, at p. 1094; MacRae v. Brant, 230 A.2d 753 (N.H. 1967); O'Donnell v. Chase Hotel Inc., 388 S.W.2d 489 (Mo.App. 1965); Ex parte Kemp, 80 So. 809 (Ala. 1919); Skeffington v. Eylward, 105 N.W. 638 (Minn. 1906); Neher v. Dobbs, 66 N.W. 864 (Neb. 1896).

3. Respondent also contends the City of Reno had no knowledge of the want of probable cause at the time appellant was prosecuted at the instance of Officer Kent and cites Levey v. Fargo, 1 Nev. 415 (1865).[2] However, it was alleged that appellant reported the conduct of Officer Kent to the Reno Chief of Police, who failed to halt the conduct. We think that allegation is sufficient to survive a motion to dismiss.

4. With regard to Chapman's third cause of action (slander) and his fourth cause of action (malicious interference with a business relationship), we hold the order of dismissal was correct because they were, as a matter of law, outside the course and scope of his employment as a police officer for the City of Reno. See Barry v. Oregon Trunk Ry., 253 P.2d 260 (Ore. 1953). There was no allegation in Chapman's complaint that the acts complained of in the second and third causes of action were done in the course and scope of Kent's employment. Even if they were done while he was on duty, the slanderous statements and malicious interference with Chapman's business relationships cannot be said to be in the course of his employment or within the scope of his authority. It is inescapable from the allegations contained in the complaint that the statements constituting the slander and the business interference were for Kent's own purposes. We can see no way that either of those actions on Kent's part can be related directly or indirectly to any duty he may have had as a police officer. The arrest, of course, can be viewed from a different point of view because one of the principal duties of a police officer is to effect arrests. He has no duty as a police officer, under the circumstances shown here, to slander another person or to interfere with another person's business relationships. Rousselle v. Perez, 293 F.Supp. 298 (E.D. La. 1968).

The judgment of dismissal of Chapman's complaint against the City of Reno as to the second cause of action is reversed and that cause of action is remanded for further proceedings. The dismissal of Chapman's third and fourth causes of action against the City of Reno is sustained. We express no opinion

---

[2] We have some doubt whether the holding of Levey v. Fargo, supra, is correct on this particular point. See Hudson v. Philadelphia Life Ins. Co., 280 S.W. 403, at 406 (Tenn. 1926); 32 Cal.Jur.2d, Master and Servant, § 123, p. 569. But in view of the alleged notice to the chief of police, we need not pass upon that question.

as to the validity of the first, third or fourth causes of action against Kent individually.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.