DONALD M. HAGBLOM, Appellant, v. STATE OF NEVADA DIRECTOR OF MOTOR VEHICLES, NEVADA HIGHWAY PATROL, PETER J. ZADRA AS COMMANDER ZONE II, NEVADA HIGHWAY PATROL, and RONALD FORSHEY, Individually and as a Nevada Highway Patrolman, Respondents.

No. 8968

December 6, 1977          571 P.2d 1172

*Lohse and Lohse, Chartered,* Reno, for Appellant.

*Robert List, Attorney General,* and *George M. Stout,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

In early 1975, a new rule was promulgated by the Nevada Highway Patrol, a Nevada governmental agency, regulating and

restricting the use of highway patrol vehicles by patrol officers commuting to and from work. The rule permitted only married officers living with their spouses the use of the vehicles while excluding unmarried officers living with persons of the opposite sex.

Prior to the implementation of the new rule, highway patrol officers were permitted to drive their patrol vehicles home irrespective of their marital status or living arrangements. Appellant Hagblom, a highway patrol officer, had for several months prior to the new rule, without incident, resided unmarried with a Marilyn Newton and was permitted to drive his patrol vehicle home.

The events preceding this action essentially concern a speeding citation issued to Newton by Patrolman Ronald Forshey. Although Forshey stated that no other vehicle was proximate when he cited Newton, appellant Hagblom testified at Newton's trial that he had been following her in his personal automobile when she was stopped by Forshey. Newton was acquitted of the charges.

The Nevada Highway Patrol instituted an internal investigation to determine the actual circumstances of the event which resulted in the conflicting trial testimonies of the two officers. Both men were ordered to submit to a polygraph examination. Appellant refused and sought a court order enjoining the respondent Nevada Highway Patrol from compelling the examination. A preliminary injunction issued on the basis that the matters sought to be investigated did not pertain to the appellant's official duties.

Thereafter, appellant, having initially sought only injunctive relief, filed an amended complaint alleging that the new rule was invalid and additionally including a request for monetary damages. Respondents filed motions to dismiss the action. The trial court ordered that the validity of the new rule would be determined in a subsequent declaratory relief hearing but did order dismissal of the monetary damage claims against the several respondents. Appellant now appeals from the orders of dismissal.

The sole question presented in this appeal is whether the trial court erred in dismissing the claim for monetary damages against respondents on the basis of governmental immunity.

The court dismissed the claim against all respondents except Forshey on the grounds that their acts either were pursuant to statutory authorization or were discretionary acts authorized by statute in implementing regulations not declared invalid by a court of competent jurisdiction. In so acting, the court relied on State v. Silva, 86 Nev. 911, 478 P.2d 591 (1970) and NRS

41.032. The court dismissed the claim against Forshey stating that the allegations pertaining to the speeding citation issued to Newton showed that Hagblom was not the real party in interest as required by NRCP Rule 17(a).

Appellant is here urging that the judgments of dismissal were entered in error and should be reversed, while the respondents insist that there is no basis whatever for the maintenance of the damage claim and the judgments of dismissal were properly entered. The thrust of appellant's allegation regarding the issuance of the speeding ticket to Newton is that it constitued harassment designed to compel appellant to resign from the Nevada Highway Patrol. The amended complaint did not attempt to prosecute a claim in behalf of Newton, and the trial court's characterization of this claim and its consequent dismissal on grounds that appellant was not the real party in interest is a misinterpretation of the claim. This, however, does not constitute reversible error, since the claim cannot withstand the governmental immunity defense.

The amended complaint for monetary damages alleged that respondents entered into a conspiracy to harass and annoy him into resigning his position as a Nevada Highway Patrol officer. In an analogous case under the Federal Tort Claims Act, 28 U.S.C. § 2680(a) the court held that the United States is by its nature incapable of entering into a conspiracy to bring about the discharge of a government employee. Radford v. United States, 264 F.2d 709 (5th Cir. 1959).

The discretionary exception provision contained in NRS 41.032 is identical to the cited federal code. The State and its agencies are equally legally incapable of entering into any conspiracy. It follows that any allegation of conspiracy must, to remain viable, refer to the culpable actions of the individual respondents, committed outside of the scope of duty.

Any claim against the State, its agencies, or employees resulting from some official act can only be maintained in the absence of protective governmental immunity. The legislature has exposed the State of Nevada to liability by conditionally waiving in certain instances governmental immunity from suit. NRS 41.031 *et seq.* In the instant case, for the State, its agencies, and employees to be liable for official acts or omissions, the allegations of the amended complaint must fall within the parameter of the waiver. We are mindful that "[i]n a close case

we must favor a waiver of immunity and accommodate the legislative scheme." *Silva, supra,* at 914, 478 P.2d at 593.

The appellant, in his amended complaint alleged that the respondents conspired to implement the "illegal" and "invalid" policy regulation prohibiting the use of patrol vehicles to commute to and from duty station by unmarried officers cohabiting with members of the opposite sex. Hagblom did not allege that the regulation was discriminatory on its face or in its application. The amended complaint further alleged that respondent Zadra acted in furtherance of the conspiracy by ordering appellant to submit to a polygraph examination to determine the facts surrounding the conflicting testimony of the two officers at Newton's speeding trial. Moreover, appellant alleged that incident to the conspiracy, Forshey issued without probable cause a speeding citation to Newton.

Section 41.031 of the Nevada Revised Statutes waives the governmental immunity, however, NRS 41.032 conditionally limits this waiver. NRS 41.032 provides:

> No action may be brought under NRS 41.031 or against the employee which is:
>
> 1. Based upon an act or omission of an employee of the state or any of its agencies or political subdivisions, *exercising due care,* in the execution of the statute or regulation, whether or not such statute or regulation is valid, *provided such statute or regulation has not been declared invalid by a court of competent jurisdiction;* or
>
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or any employee of any of these, *whether or not the discretion involved is abused.* (Emphasis added.)

Subsection 1 provides immunity to all individuals implementing the new regulation since that policy, applied with due care and without discrimination, had not been declared invalid by a court of competent jurisdiction. Appellant's pleading for declaratory relief is still pending in district court and the validity of the regulation has not been determined.

In addition, subsection 1 provides immunity for Forshey in ticketing Newton. He was exercising due care in the enforcement of the speed limit law which also had not been declared invalid. Appellant has conceded that Newton was exceeding the

speed limit but denies that she was traveling in excess of 10 miles per hour over the speed limit. Exceeding the speed limit at all constitutes probable cause for issuance of a citation. NRS 481.180. It follows that Forshey is clothed with immunity and that no action can be maintained against him on this basis.

Subsection 2 provides immunity for acts of discretion even where the discretion is abused. This subsection protects the State and the individuals involved in formulating the new regulation and in ordering the polygraph examination. Both are discretionary acts and fall within the exemption from the waiver.

Appellant contends that even discretionary acts have been subject to liability and cites for that proposition *Silva, supra;* State v. Webster, 88 Nev. 690, 504 P.2d 1316 (1972); Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970); and Chapman v. City of Reno, 85 Nev. 365, 455 P.2d 618 (1969). Those cases are not supportive of appellant's position. In *Silva, Harrigan,* and *Webster,* this Court held that NRS 41.032(2) might not provide immunity from liability for acts even though they had their origin in discretionary acts. The test, however, applied in those cases involved the obscure analytical distinction between discretionary and operational functions. Although a given act involved the exercise of discretion and was thus immune from liability, negligence in the operational phase of a decision *would* subject the State, it agencies, and employees to liability. There is no obscurity present here, for respondents acts were, from their origin, distinctly discretionary.

Appellant's reliance on *Chapman* as authority to hold the employees and the State individually liable is also misplaced. *Chapman* does not directly stand for that proposition, but the point is immaterial in that NRS 41.032 itself would permit actions against the employees individually, proscribed only where the employees are insulated by subsection 1 of NRS 41.032.

Whether sovereign immunity is invoked is the precise issue before us. When the State qualifiedly waived its immunity from liability and consented to civil actions, it did so to provide relief for persons injured through negligence in performing or failing to perform non-discretionary or operational actions. It *did not* intend to give rise to a cause of action sounding in tort whenever a state official or employee made a discretionary decision injurious to some persons. Appellant alleges liability premised solely upon acts discretionary and squarely within the protected

penumbra of immunity. His allegations do not state any facts which would precipitate a waiver. Absent such, we hold that the trial court correctly dismissed that part of the amended complaint.

The judgments of dismissal are affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.