BOARD OF COUNTY COMMISSIONERS OF LANDER COUNTY, BERT T. GANDOLFO, LOUIS LEMAIRE AND NYLE LESHIKAR, MEMBERS OF THE BOARD, AND EMMA F. GANDOLFO, THE DULY-ELECTED AND ACTING COUNTY CLERK OF LANDER COUNTY AND CLERK OF THE BOARD, APPELLANTS, *v.* DON L. CIRAC, INDIVIDUALLY AND ON BEHALF OF THE CITIZENS AND TAXPAYERS OF LANDER COUNTY, RESPONDENTS. ANDREA BURTON, INTERVENOR.

No. 12248

January 28, 1982          639 P.2d 538

*George G. Holden,* District Attorney, and *Hy T. Forgeron,* Deputy District Attorney, Lander County, for Appellants.

*Woodburn, Wedge, Blakey & Jeppson,* and *Suellen Fulstone,* Reno, for Respondents.

*Johnson, Belaustegui & Robison,* Reno, for Intervenor.

## OPINION

By the Court, ZENOFF, Sr. J.:[1]

On August 17, 1978, a petition was presented to the clerk of the board of county commissioners of Lander County with the signatures of 931 persons, seeking an election on the question of the removal of the county seat from Austin to Battle Mountain.[2] The board of county commissioners, pursuant to a statutory mandate that it "meet and inquire into and determine the sufficiency of the petition and the validity of the signatures thereto," NRS 243.470(1),[3] found that sufficient valid signatures appeared to grant the petition, and ordered the matter

---

[1]The Chief Justice has designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.

[2]A later petition was allowed by the board and found valid in a separate district court proceeding, upheld by this Court in Cirac v. Lander County, 95 Nev. 723, 602 P.2d 1012 (1979), and the county seat has now been so removed.

[3]NRS 243.470(1) provides:

   1. At the time specified in the notice; the board of county commissioners shall meet and inquire into and determine the sufficiency

placed on the November 7, 1978, general election ballot. Respondent Cirac filed a taxpayer's suit for injunctive relief and damages. After an evidentiary hearing, the court below granted the injunction, on the ground that under the applicable statute there were not in fact sufficient valid signatures on the petition.[4] Appeal of that issue was dismissed, on the ground that the matter had become moot. Thereafter, Cirac sought, as damages, attorneys' fees incurred in the injunction proceedings. The court below determined that despite the fact that Cirac's challenge was to the official action of the commissioners, they were liable for such damages. Under the circumstances presented here, we must disagree.

We have previously held that attorneys' fees may be awarded as damages in a suit for injunctive relief when properly pleaded and proved. American Fed. Musicians v. Reno's Riverside, 86 Nev. 695, 475 P.2d 221 (1970); McIntosh v. Knox, 40 Nev. 403, 165 P. 337 (1917). *Cf.* City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970) (not sought or awarded as damages). The question presented here, however, is whether these county officials should be subject to such liability for their official action in approving the removal petition and ordering the question set for election.

The question of the liability of county officials is usually considered by the courts in terms of whether the acts in question "are regarded as 'discretionary,' or 'quasi-judicial,' in character, requiring personal deliberation, decision and judgment, [or] merely 'ministerial,' amounting only to an obedience to orders, or the performance of a duty in which the officer is left no choice of his own." W. Prosser, *Law of Torts* § 132, at 988-89 (4th ed. 1971). As the matter has been articulated:

> of the petition [for removal of a county seat] and the validity of the signatures thereto, and if sufficient and signed by the required number the board shall make an order directing that the proposition to remove the county seat to the place named in the petition be submitted to a vote of the qualified electors of the county at the next general election, if the same is to occur within 6 months of the time of filing the petition; otherwise at a special election to be called for that purpose at any time not less than 4 months nor more than 6 months from the date of filing the petition with the clerk of the board.

[4]NRS 243.465 provides, in pertinent part, that a removal petition must be "signed by qualified electors of the county, who are also taxpayers of the county as appears by the last real or personal property assessment roll, equal in number to at least 60 percent of the legal votes cast at the last preceding general election in the county."

Where and officer is invested with discretion and is empowered to exercise his judgment in matters brought before him he is sometimes called a quasi-judicial officer, and where so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision, provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption.

Allen v. Miller, 6 N.W.2d 594, 598 (Neb. 1942).

In this case, the county commissioners were instructed by statute to "inquire into and determine" the sufficiency of the petition and validity of the signatures. They were called upon to apply provisions of the relevant statutes to the petitions before them. Courts which have considered the liability of county commissioners for similar decisions, such as whether to allow particular claims against the county under applicable laws, have concluded that there should be "no personal liability because of mere errors of judgment," Beadle v. Harmon, 265 N.W. 18, 21 (Neb. 1936), so long as the commissioners act in good faith. *See also* Welch v. Kent, 153 S.W.2d 284 (Tex.Civ.App. 1941).

In Garden City, G. & N. R. Co. v. Nation, 109 P. 772 (Kan. 1910), the court refused to award costs and attorneys' fees to a successful petitioner for a writ of mandate directed to the state auditor. The court explained that "[t]he duty of the state auditor in passing upon the question presented in the original case, as to whether the municipal bonds in question should be registered in his office, involves the decision of a judicial question. His action in deciding the same is quasi-judicial. The performance of his duty involves the exercise of judgment, and in the absence of any suggestion of malice, oppression in office, or willful misconduct, he is not individually responsible." *Id*. at 773. *See also* Allen v. Miller, *supra*.

In this case, respondent Cirac has not alleged, nor does he now claim that there was evidence of, any bad faith, or corrupt motivation, or any conduct more reprehensible than an erroneous determination that certain signatures should be allowed. We agree with the commentator who has suggested that it would be manifestly unfair "[t]o ask a man to give his honest opinion and then impose liability on him for error." R. Gray, *Private Wrongs of Public Servants,* 47 Cal.L.Rev. 303, 323 (1959).

The judgment imposing liability upon the county commissioners for damages in the form of attorneys' fees is reversed,

and the case is remanded for the entry of judgment consistent with this opinion.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., CONCUR.