DINO MATURI, Appellant, v. LAS VEGAS METRO-POLITAN POLICE DEPARTMENT, Respondent.

No. 24199

March 30, 1994                                    871 P.2d 932

*Fitzgibbons & Anderson,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon* and *Jennifer T. Crandell* and *Peter M. Angulo,* Las Vegas, for Respondent.

# OPINION

By the Court, SPRINGER, J.:

The issue in this case is whether a police officer's decision to handcuff a prisoner behind the prisoner's back, rather than in the front, constitutes a "discretionary" decision that invokes state immunity under NRS 41.032. In this case, the arresting officers' decision to handcuff behind the prisoner's back was discretionary in nature because the police manual which controlled the officers' conduct after the arrest specifically granted the officers discretion to choose whether they would handcuff the prisoner in the front or behind the back. We, therefore, affirm the judgment of the trial court granting summary judgment in favor of the Las Vegas Metropolitan Police Department ("LVMPD").

LVMPD officers arrested appellant Dino Maturi for discharging a firearm in public. Maturi had unlawfully fired a gunshot into the air in an apparent attempt to frighten away some juveniles who, he claimed, had been "harassing" him. Police officers arrived at the scene and, in accordance with standard arrest procedures,[1] handcuffed Maturi with his hands behind his back and placed him in a police vehicle. LVMPD Manual section 5/202.01, in effect at the time, commanded that no officer place a prisoner in a police vehicle without the prisoner "first being handcuffed," and further commands that all prisoners in police vehicles must "be handcuffed behind the back, unless impractical or impossible due to prisoner obesity, handicap, or other reason."

Maturi claims that at the time the officers handcuffed him, he warned the officers that he had suffered a serious back injury and was scheduled to have back surgery soon. Despite Maturi's pleas and warnings of possible injury and unnecessary discomfort, the officers handcuffed him behind his back. The officers placed Maturi in a police vehicle and kept him there for over an hour, during which time he continually complained of pain and pleaded

---

[1] Section 5/202.01 of the LVMPD Manual, under which the officers were operating at the time of the arrest, reads as follows:

1. *Handcuffs*

Except under extraordinary situations approved by a superior, no member will permit a prisoner to enter a Department vehicle without first being handcuffed. Prisoners in police vehicles will be handcuffed behind the back, *unless impractical or impossible* due to prisoner obesity, handicap, or other reason. Special restraints will not be used unless approved by a supervisor.

(Emphasis added.)

with the officers to remove the handcuffs or, at least, to place them in front of him. Eventually the officers released Maturi from custody and cited him for a misdemeanor. Maturi claims that he was injured as a result of being handcuffed in this manner and that he was compelled to cancel the scheduled surgery because of the abuse to his back.

The only issue presented by Maturi in this appeal is whether the police officers are protected by governmental immunity under NRS 41.032.[2] They are. NRS 41.032 provides that "no action may be brought" against any public officer based upon "the failure to exercise or perform a discretionary function . . . whether or not the discretion was abused." It may very well be that in this case, the officers abused their discretion with regard to the placement of the handcuffs, but such abuse of discretion may not be the basis for civil liability of peace officers.

The question of governmental immunity is "usually considered by the courts in terms of whether the acts in question 'are regarded as "discretionary," or "quasi-judicial," in character, requiring personal deliberation, decision and judgment, [or] merely "ministerial," amounting only to obedience to orders, or the performance of a duty in which the officer is left no choice of his own.'" Board of Co. Comm'rs v. Cirac, 98 Nev. 57, 59, 639 P.2d 538, 539 (1982) (quoting William Prosser, *Law of Torts* § 132, at 988-89 (4th ed. 1971)); *see also* Travelers Hotel v. City of Reno, 103 Nev. 343, 345-46, 741 P.2d 1353, 1354 (1987). That the officers' choice in this case was one requiring "personal deliberation, decision and judgment" rather than the "performance of [duties] in which the officer[s were] left no choice" is demonstrated by the language of the manual under which they were conducting themselves. *Cirac,* 98 Nev. at 59, 639 P.2d at 539. The officers had *no* discretion when it came to handcuffing Maturi. They had no choice here.

They did have a choice, however, as to whether they would handcuff Maturi in the front or in the back, a "judgment call," if you will. If the officers had concluded that it was "impractical" to handcuff Maturi behind his back, they had the power and discretion to make this decision. Whether to make the allowable decision to handcuff a prisoner in the front is a decision that could involve a very large degree of discretion, based on such considerations as the prisoner's size, strength and, in the judgment of the

---

[2]Recognizing that Maturi may have had an affirmative negligence claim, but that governmental immunity prevented Maturi from recovering damages against LVMPD on that claim, the district court granted LVMPD's motion for summary judgment. The sole issue Maturi appeals is whether the district court erred in granting LVMPD summary judgment based on the governmental immunity.

officer, the potential for violence or escape. The expression "unless impractical," as stated in the regulation, necessarily invests in the officers a choice as to whether circumstances surrounding the arrest are such that safe custody in a police vehicle can be maintained for a prisoner with handcuffs in the front rather than behind the back. Although it can be argued that the officers in this case made the wrong choice as to whether rear handcuffing was "impractical," it is clear that they were making a choice, that they were exercising *discretion*.

Summary judgment in favor of the police department is appropriate, and we affirm the judgment of the trial court.

STEFFEN and YOUNG, JJ., concur.

ROSE, C. J., with whom SHEARING, J., joins, dissenting:

The decision to arrest is discretionary; but once an arrest is made, a LVMPD officer is required to handcuff the person arrested for transportation. Maturi has sued for his improper handcuffing by the officers. This was not a discretionary act and the granting of summary judgment pursuant to NRS 41.032 was improper. Therefore, I dissent from the majority opinion.

The LVMPD Manual requires that all persons arrested be handcuffed for transportation. Section 5/202.01 of the LVMPD Manual states:

> 1. Handcuffs
> Except under extraordinary situations approved by a superior, *no member will permit a prisoner to enter a Department vehicle without first being handcuffed.* Prisoners in police vehicles will be handcuffed behind the back, unless impractical or impossible due to prisoner obesity, handicap, or other reason. Special restraints will not be used unless approved by a supervisor.

(Emphasis added.)

While an initial decision might be considered discretionary, the subsequent performance of a duty in which the officer is left no choice is not discretionary. This court has held that:

> NRS 41.032(2) might not provide immunity from liability for acts even though they had their origin in discretionary acts. . . . Although a given act involved the exercise of discretion and was thus immune from liability, negligence in the operational phase of a decision *would* subject the State, its agencies, and employees to liability.

Hagblom v. State Dir. of Motor Vehicles, 93 Nev. 599, 604, 571 P.2d 1172, 1175 (1977).

As we stated in *Hagblom*, "'[i]n a close case we must favor a waiver of immunity . . . .'" *Id.* at 602-03, 571 P.2d at 1175 (quoting State v. Silva, 86 Nev. 911, 914, 478 P.2d 591, 593 (1970)). The district court had difficulty with this decision and clearly indicated that this was a close case. Following the directives in our prior cases, summary judgment in favor of the LVMPD should have been denied and the case tried.