William MASON, Sr.; Brian Dias,
Plaintiffs–Appellants,

v.

UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA; University of Nevada Las Vegas, a public entity/institution; Jose Elique; Michael Murray, Defendants–Appellees.

No. 06–17238.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2007.*

Filed Jan. 25, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Marc P. Cardinalli, DAG, Richard C. Linstrom, Esq., Office of the General Counsel, Las Vegas, NV, for Defendant–Appellee.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,** Judge.

## MEMORANDUM ***

At issue in this appeal is an order of the district court granting summary judgment for Appellees. The facts of this case are stated in our prior opinion, *Dias v. Elique*, 436 F.3d 1125 (9th Cir.2006). We summarize only those necessary here. On September 10, 2001, Lieutenant Rochelle Sax of the University of Nevada Las Vegas

---

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Police Department ("UNLV") told Michael Murray, Deputy Director of Public Safety, that she suspected Appellants of falsifying time entries in the Public Safety Department logbook. Murray reported the allegations to his superior officer, Chief of Police Jose Elique. On September 17, 2001, the matter was referred to the Nevada Attorney General's Office, which is responsible for investigating and prosecuting crimes committed by state employees. On April 12, 2002, it sent UNLV a report finding sufficient evidence to place Appellants on paid leave. The next day, UNLV informed Mason that he was being put on administrative leave with pay pending conclusion of the Attorney General's investigation. Dias was similarly suspended on April 16. Criminal charges were filed against Appellants in June of 2002, and Appellants' employment was terminated in July of that year.

On May 7, 2002, Appellants William Mason and Brian Dias filed suit in Nevada court, alleging that they were illegally terminated from employment with Appellees University and Community College System of Nevada ("UCCSN") and UNLV. After the case was removed to federal district court, the district court granted summary judgment for the Appellees based on the doctrines of issue preclusion and qualified immunity. On appeal, we reversed the district court's application of issue preclusion, but affirmed with respect to its analysis of qualified immunity. *See Dias*, 436 F.3d at 1133.

On remand, the district court allowed Appellees to submit a second motion for summary judgment. In that motion, Appellees argued that they were entitled to immunity under Nevada law, that Appellants had presented no evidence that they had suffered intentional or negligent infliction of emotional distress, that UCCSN did not negligently supervise its employees,

and that Appellants failed to present evidence supporting their claim that they were terminated in retaliation for filing prior lawsuits against Appellees.

Appellants filed a petition for a writ of mandamus to challenge the district court's order allowing a successive summary judgment motion, and reasserts on appeal that the motion was improper. Appellants also contend that the district court incorrectly found Appellees immune from suit and incorrectly granted summary judgment on the merits of their state-law claims. Although we conclude that UCCSN is not immune from suit for the alleged negligent supervision of its officers, we affirm the district court's order granting summary judgment.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over Appellants' 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. The district court exercised supplemental jurisdiction over Appellants' related state-law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction over a final determination of the district court pursuant to 28 U.S.C. § 1291.

We review the district court's decision granting summary judgment *de novo*. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000). We "must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

## DISCUSSION

**I. The District Court Did Not Abuse Its Discretion By Allowing A Second Summary Judgment Motion**

A district court generally has discretion to entertain successive motions for

summary judgment. *See Knox v. Southwest Airlines*, 124 F.3d 1103, 1105–06 (9th Cir.1997). Appellants argue that it was inappropriate for the district court to consider their state-law claims because the merits of those claims were considered in the district court's first opinion in this case, which we later reversed. A review of the district court's first opinion reveals that issue preclusion was the only grounds upon which the pendant state-law claims were dismissed. Thus, neither our prior opinion, nor the district court's, considered the merits of Appellants' state-law claims. Accordingly, the district court did not abuse its discretion in allowing Appellees to file a second motion for summary judgment.

## II. Immunity Under Nev.Rev.Stat. § 41.032

■ Under Nevada law, the State and its employees are immune from suit for actions involving "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused." Nev.Rev.Stat. § 41.032(2). A state officer's action is discretionary if it was the result of "personal deliberation, decision, and judgment" instead of "obedience to orders, or the performance of a duty in which the officer is left no choice of his own." *Maturi v. Las Vegas Metro. Police Dep't*, 110 Nev. 307, 871 P.2d 932, 934 (1994) (quoting *Bd. of County Comm'rs v. Cirac*, 98 Nev. 57, 639 P.2d 538, 539 (1982)).

Appellants argue that Officers Murray and Elique acted in bad faith, and thus cannot be immune, even if their actions were discretionary. Under Nevada law, an action performed in bad faith cannot be "discretionary" for purposes of Nev.Rev. Stat. § 41.032 because a bad-faith act "occurs outside the circumference of [the officer's] authority" and therefore "has no relationship to a rightful prerogative even if the result is ostensibly within the actor's ambit of authority." *Falline v. GNLV Corp.*, 107 Nev. 1004, 823 P.2d 888, 892 n. 3 (1991).

The district court correctly concluded that there was no evidence to support the contention that Murray and Elique lacked a "rightful prerogative" to take adverse employment action against Appellants. Questions of discipline and investigations of alleged wrongdoing by officers are logically the responsibility of superior officers and the Chief of Police. Murray and Elique's decision to refer the investigation of wrongdoing to the Nevada Attorney General's Office, in accordance with Nevada law, does not indicate the kind of personal animus or improper motivations that might turn an otherwise discretionary act into a bad faith abuse of authority. The showing of bad faith with respect to Appellants' terminations is even more tenuous because the terminations occurred only after an independent investigation by the Attorney General found probable cause to accuse Appellants of a crime. That decision was subsequently upheld by a state administrative body. Thus, Appellees are immune from suit for their discretionary decision to refer the Appellants for investigation, and later to terminate them from employment.

■ Nevertheless, a number of cases have held that the proper training and supervision of police officers is a non-discretionary function, and therefore not immune under Nev.Rev.Stat. § 41.032. *See Herrera v. Las Vegas Metro. Police Dep't*, 298 F.Supp.2d 1043, 1055 (D.Nev.2004) (concluding "that [the Las Vegas Metropolitan Police Department] assumes the obligation to ensure that its employees do not pose an unreasonable safety risk to

those with whom they come into contact"); *see also McKellip v. Las Vegas Metro. Police Dep't*, No. 05–cv–00897, 2007 WL 173857, at *8 (D.Nev. Jan.17, 2007) (same); *Williams v. Underhill*, 05–cv–0175, 2006 WL 383518, at *7 (D.Nev. Feb.17, 2006) (same). To the extent that Appellants claim that UCCSN negligently supervised Murray and Elique, discretionary immunity does not apply, even if the officers were immune from suit for the underlying conduct. *See Neal–Lomax v. Las Vegas Metro. Police Dep't*, No. 05–cv–01464, 2006 WL 2668190, at *6 (D.Nev. Sept.15, 2006) (finding police officers' use of taser covered by discretionary immunity under Nev.Rev.Stat. § 41.031, but denying discretionary immunity for police department's training and supervision of those officers under Nev.Rev.Stat. § 41.032). Accordingly, we turn to the merits of that claim.

### III. Negligent Supervision

█ Although the district court found that Appellees were immune from suit on all counts, it also addressed the merits of Appellants' state-law claims, including negligent supervision. Under Nevada law, an "employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 99 (1996). The district court concluded that "[t]here is no evidence in the record supporting a finding of retaliation by Elique or Murray .... [and a]ccordingly, no reasonable jury could find negligent supervision." (E.R.79–80.) Our conclusion on negligent supervision therefore depends on whether the district court correctly held that Appellants presented no evidence supporting a finding of retaliation.

Appellants allege that they were singled out for investigation and termination as a result of their decision to file lawsuits against UCCSN and related defendants. (Compl.¶¶ 34–37.) The district court assumed that Nevada law provides a cause of action for retaliation similar to that available under 42 U.S.C. § 1983 for state employees who engaged in protected First Amendment speech, and concluded that Appellants presented no evidence of retaliation. Assuming, *arguendo*, that such a cause of action is available under Nevada law, we affirm the district court's finding.

If the analogy to federal law is apt, to prove retaliation in violation of the First Amendment, "an employee must show (1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003). Appellants failed to satisfy the first of these requirements. We have held that employee speech, including a public employee's litigation, is only protected under the First Amendment if it involves a "matter of public concern." *Rendish v. City of Tacoma*, 123 F.3d 1216, 1220 (9th Cir.1997) ("[A] public employee's litigation must involve a matter of public concern in order to be protected by ... the First Amendment."). *See also Coszalter*, 320 F.3d at 973 (describing "matter of public concern" as "[s]peech that concerns issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government") (internal quotation and citations omitted).

In the present case, Appellants' complaint alleged that Appellee retaliated against them for "existing litigation against the Defendant UCCSN in two separate cases[.]" However, as the district court noted, Appellants "offer[ed] no evidence as to the content of their other lawsuits." Because Appellants did not

provide evidentiary proof that their prior litigation involved a "matter of public concern[,]" they failed to establish that any alleged adverse employment action was taken in response to "protected speech." *Coszalter,* 320 F.3d at 973. In the absence of such a showing, the district court correctly concluded that Appellee was entitled to summary judgment with respect to the retaliation claim. Accordingly, we affirm the district court's finding that there was no evidence of retaliation, and because this contention was central to the claim of negligent supervision we also affirm the district court's finding that Appellee did not negligently supervise Officers Murray and Elique.

## IV. Conclusion

In accordance with the reasoning above, the judgment of the district court is AF-FIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.