**Brian DIAS; William Mason, Sr.,**
**Plaintiffs–Appellants,**

v.

**Jose ELIQUE; Michael T. Murray; University & Community College System of Nevada; Carol Harter; Brian Sandoval; State of Nevada; Attorney General State of Nevada, Office of, Defendants–Appellees.**

No. 05–16440.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2006.*

Filed April 30, 2008.

---

*See also* 436 F.3d 1125.

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

In September 2001, the University of Nevada Las Vegas ("UNLV") Police Department referred allegations to the Nevada Attorney General's Office ("AG") that Officer William Mason, Sr., and Sergeant Brian Dias ("Appellants") had falsified police logbook time entries during their employment at UNLV. The AG conducted an investigation and charged Appellants under Nev.Rev.Stat. 197.160 (West 2001) with presenting false claims to a state officer.[1] Appellants' employment with the University and Community College System of Nevada ("UCCSN") was terminated shortly thereafter.[2]

1. Under Nev.Rev.Stat. 228.175(2) (2000), the AG is responsible for investigating allegations of wrongdoing by public officers.

2. The facts relevant to Appellants' dismissal and subsequent wrongful termination lawsuit are set forth in our prior opinion, *Dias v. Elique*, 436 F.3d 1125 (9th Cir.2006).

In the course of the criminal proceedings, Appellants appeared in a probable cause hearing before Justice Reed of the Justice Court of Las Vegas, who concluded that there was no question that the evidence was sufficient to establish probable cause and referred the charges to state district court.[3] Hr'g Tr. at 165:11–12, 168:12–13, *State v. Dias*, No. 02F09998X (Justice Ct. Las Vegas Aug. 30, 2002). After a jury found Appellants not guilty of the charges, Appellants filed suit against Appellees in Nevada court, raising claims under state law for malicious prosecution and negligent supervision and claims for malicious prosecution and other constitutional infringements under 42 U.S.C. § 1983. Appellees removed the case to federal court. On June 17, 2005, Judge Hunt of the United States District Court for the District of Nevada dismissed Appellants' claims, finding that prior proceedings established that Appellees had probable cause to investigate Appellants, and that the existence of probable cause was dispositive.

This panel previously heard the appeals of summary judgment orders granted in favor of Appellees in a related claim for wrongful termination brought by Appellants before Chief Judge Philip M. Pro of the United States District Court for the District of Nevada. *See Dias*, 436 F.3d at 1125; *see also Mason v. Univ. & Cmty. Coll. Sys. of Nev.*, 265 Fed.Appx. 585 (9th Cir.2008).

### JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction under 28 U.S.C. § 1343 (2000) and 28 U.S.C. § 1367 (2000). We have jurisdiction to review a final order of the district court under 28 U.S.C. § 1291.

We exercise *de novo* review over the district court's dismissal of Appellants' complaint under Fed.R.Civ.P. 12(b)(6). *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir.1995). The availability of issue preclusion is reviewed *de novo*, and the district court's application of issue preclusion is reviewed for abuse of discretion. *Dias*, 436 F.3d at 1128. A court may "take judicial notice of matters of public record outside the pleadings" and consider them for purposes of a motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) (quotations omitted). We are not obligated to accept as true allegations raised in the complaint that are contradicted by prior proceedings of which judicial notice is properly taken. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

### DISCUSSION

**I. Appellants' Malicious Prosecution Claims Are Issue Precluded**

In order to succeed on a claim for malicious prosecution under Nevada law or 42 U.S.C. § 1983, plaintiff must show that defendants lacked probable cause to pursue the action in question. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir.2004); *Jordan v. Bailey*, 113 Nev. 1038, 944 P.2d 828, 834 (1997).

■ Taking judicial notice of prior proceedings, Judge Hunt found that Appellants' allegations of malicious prosecution were "directly controverted" by existing factual findings, and that further consideration of the element of probable cause was

---

**3.** In the hearing, all parties were represented by counsel, called witnesses and had the opportunity for cross-examination. There is no indication that appellants appealed the Justice's findings. *See Mason v. State of Nevada*, No. CV–05–0368–RLH, slip op. at 4 (D. Nev. June 21, 2005).

therefore precluded. *Mason*, No. CV–05–00368–RLH, slip op. at 11–12. Although Judge Hunt referred in part to the findings of a Nevada State Department of Personnel administrator, which we found insufficient to preclude further litigation in *Dias*, 436 F.3d at 1133,[4] we find that Justice Reed's determination is sufficient to establish that Appellees had probable cause to investigate. *See Haupt v. Dillard*, 17 F.3d 285, 289–90 (9th Cir.1994) (holding that a Nevada court's finding of probable cause is prima facie evidence of probable cause in a subsequent claim for malicious prosecution).

■ Although prima facie evidence of probable cause may be rebutted by showing that "the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or … bad faith," *Awabdy*, 368 F.3d at 1067, or that the defendant chose not to fully contest the issue of probable cause at the preliminary hearing for "tactical reasons," *Haupt*, 17 F.3d at 289, Appellants make no such assertions in their Amended Complaint or in their brief on appeal. Because Appellants' claims require a showing that Appellees lacked probable cause to investigate, it is clear that Appellants can prove no set of facts that would entitle them to relief. Accordingly, Judge Hunt properly dismissed Appellants' malicious prosecution claims pursuant to Fed.R.Civ.P. 12(b)(6).

## II. Appellants' Negligent Supervision Claims Are Issue Precluded

■ Under Nevada law, a claim for negligent supervision requires a showing that "a third party is harmed by an employee and … had an employer exercised reasonable care in training or supervising an employee, the injury would not have oc-

curred." *Jespersen v. Harrah's Operating Co.*, 280 F.Supp.2d 1189, 1195 (D.Nev. 2002), *aff'd*, 444 F.3d 1104 (9th Cir.2006) (en banc).

Appellants' claim for negligent supervision alleges a failure to supervise in the investigation and prosecution of Appellants, resulting in the alleged harms of "negligent[ ], wilful[ ], careless[ ] and reckless[ ] terminat[ion]" of Appellants' employment and "wrongful prosecution … without cause, reason or foundation." (Am. Compl. ¶¶ 21–22.) In *Mason*, 265 Fed.Appx. 585, we affirmed Chief Judge Pro's determination that there was no evidence supporting Appellants' claims of negligent supervision and wrongful termination against UCCSN. *Id.* at 588–90. In addition, Justice Reed's factual finding that Appellees had probable cause to investigate and charge Appellants precludes further claims that the investigation caused the alleged harm of wrongful prosecution. Accordingly, we find that the district court properly dismissed Appellants' negligent supervision claims on the basis of issue preclusion.

## III. Appellants' Other Constitutional Claims Were Properly Dismissed

■ Finally, Appellants allege violations of their due process and Fourth, Fifth, Sixth, and Fourteenth amendment rights based on the investigation and criminal charges filed against them "without foundation or probable cause" and the "wrongful termination of their employment." (Am. Compl. ¶¶ 12, 9.) Because we find that further consideration of probable cause is precluded by Justice Reed's findings, and further consideration of Appellants' wrongful termination allegations is

---

4. Chief Judge Pro's subsequent decision on remand, *Mason v. University & Community College System of Nevada*, No. CV–02–00801–

PMP, 2006 WL 2927835 (D.Nev. Oct. 11, 2006), was affirmed by this panel in *Mason*, 265 Fed.Appx. 585.

precluded by prior determinations of Chief Judge Pro, we conclude that Appellants' additional constitutional claims are also without basis and were properly dismissed by the district court.

## CONCLUSION

In accordance with the reasoning above, the judgment of the district court is AFFIRMED.